Jesse C. Trentadue (#4961)
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
jesse32@sautah.com
*Pro Se Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| JESSE C. TRENTADUE, | : | |
| Plaintiff, | : | **COMPLAINT** |
| vs. | : | |
| FEDERAL BUREAU OF INVESTIGATION, | : | Case No.: |
| Defendant. | : | Judge |

COMES NOW Jesse C. Trentadue by way of *Complaint* against the Federal Bureau of Investigation (the "FBI" or "Bureau") under the *Freedom of Information Act*, 5 U.S.C. §§ 552 *et. seq.* ("*FOIA*").  With this *Complaint*, Plaintiff seeks to obtain 69,375 pages of documents/records and one DVD related to FBI's involvement in the Oklahoma City Bombing because of the agents/informants that it had embedded with the perpetrators of that terrorist attack.

## INTRODUCTION

Almost two hundred years ago, James Madison observed the obvious: "A popular Government, without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy; or, perhaps both.  Knowledge will forever govern ignorance; And a people who mean to be their own Governors, must arm themselves with the power which knowledge gives."[1]  One hundred years later, Supreme Court Justice Brandeis echoed Madison's words when he wrote:

> Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be in peril if it fails to observe the law scrupulously. Our government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for the law; and invites every man to become a law unto himself. . . .[2]

Building on the foundation laid by Madison and Brandeis Congress enacted *FOIA*, which is designed to disclose the "malfeasance" of the government,[3] and "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to

---

[1]  James Madison, *Letter to W.T. Barry* (Aug. 4, 1822).

[2]  *Olmstead v. United States*, 277 U.S. 438, 485 (1928).

[3]  *See Trentadue v. FBI*, 572 F.3d 795 (10th Cir. 2009).

hold the governors accountable to the governed."[4]

## PARTIES

1.  Plaintiff is a citizen of the United States and a resident of Salt Lake County, Utah.

2.  The FBI is an "agency" of the Executive Branch of the United States of America within the meaning of 28 *U.S.C.* §§ 551(1) and 552(f)(1).

3.  As an agency of the Executive Branch, the FBI is subject to *FOIA* and a proper party within the meaning of 5 *U.S.C.* §§ 702 and 703.

## JURISDICTION AND VENUE

4.  This Court's jurisdiction over this matter arises under 5 *U.S.C.* § 552(a)(4)(B); the *First Amendment* to the *Constitution of the United States*; the *Administrative Procedure Act*, 5 *U.S.C.* §§ 701 *et seq.*; 28 *U.S.C.* § 1331; and the equitable powers inherent in the Courts of the United States of America.

5.  Venue lies within this Court pursuant to 5 *U.S.C.* § 552(a)(4)(B) and 28 *U.S.C.* § 1391(e).

## INTERIM RELEASE POLICY

6.  The FBI has an "*Interim Release Policy*" designed to ensure the fair and effective administration of its *FOIA* obligations. Pursuant to this *Policy*, when a *FOIA*

---

[4] *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

*Request* involves a large number of documents the responsive documents are processed and released to the requester in 500-page increments until completion. This rolling release allows the FBI to provide requesters with information (*i.e.*, document/records) in 500-page batches as they are processed for release instead of waiting until all of the responsive documents are processed before the Bureau to provides them to the requester.[5]

### THE FBI'S SCREENING PROCESS

7. In responding to *FOIA Requests*, the FBI has established an off-the-books screening system to identify sensitive *FOIA Requests* or potentially problematic *FOIA Requests*, which are "flag[ged]" or marked for special scrutiny.[6] This is a policy designed by the FBI to single-out and slow-track responses to *FOIA Requests* that could prove embarrassing to the Bureau, such as the documents/records that are the subjects of this action about its involvement in the Oklahoma City Bombing.

### GENERAL ALLEGATIONS AS TO "PUNCHOUT"

8. During the late 1980's and early 1990's, the FBI implemented an undercover sting operation call "Punchout" that was designed to identify and apprehend surplus dealers that bought and sold government property stolen from Department of Defense

---

[5] *See*: https://www.justice.gov/oip/oip-guidance/Adjudicating%20Administrative%20Appeals%20Under%20the%20FOIA

[6] *See Trentadue v. FBI,* District of Utah Case 2:08cv788CW, *Trial Transcript* at pp. 435-436.

facilities in Utah.[7]

9. Roger Edwin Moore ("Moore") was an FBI undercover operative in this sting operation.

10. For months preceding the bombing of the Murrah Federal Building in Oklahoma City on April 19, 1995, Moore was traveling with Timothy McVeigh who was one of the perpetrators of that terrorist attack.

11. According to Terry Nichols, who was also convicted for having been involved in the Oklahoma City Bombing, Moore provided the Kinestik explosives that were used to detonate the bomb that destroyed the Murrah Federal Building.[8]

12. Moore is reported as having told McVeigh he knew that McVeigh "would put them [the Kinesteik] to good use."[9]

13. Nichols gave Plaintiff a map of McVeigh's travels on the run-up to the Oklahoma City Bombing on which he detailed McVeigh's meetings with Moore to obtain the Kinestik.[10]

14. Nichols also wrote to United States Attorney General Ashcroft informing

---

[7] https://apps.dtic.mil/sti/trecms/pdf/AD1176844.pdf

[8] *Nichols Declaration*, Exhibit A hereto, ¶¶ 11-24; *Second Nichols Declaration,* Exhibit B hereto.

[9] *Id*. ¶ 13.

[10] *Nichols Map*, Exhibit C hereto.

Ashcroft of Moore's involvement in the Oklahoma City Bombing, and offered to assist Ashcroft with the prosecution of Moore for that crime.[11]

15. Ashcroft never responded to Nichols' letter.

16. On September 26, 2015, Plaintiff served a *FOIA Request* upon the FBI for the following records concerning Moore:

> During the late 1980s and early 1990s, the FBI had an undercover operation in Utah by the name of "Operation Punchout." Pursuant to the *Freedom of Information Act,* 5 U.S.C. §§ 552 *et seq.*, I am requesting documents/records on Roger Edwin Moore. Specifically, I am requesting the following documents/records:
>
> - **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore's involvement with and/or participation in Operation Punchout**.
> - **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore having been a confidential informant, confidential human source or undercover operative for the FBI or any other law enforcement agency with respect to Operation Punchout**.
>
> - **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore having been granted immunity from prosecution with respect to his involvement with and/or participation in Operation Punchout**.
>
> - **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern**

---

[11] *Ashcroft Letter*, Exhibit D hereto.

**communications between Roger Edwin Moore and the FBI or one of its agents with respect to Operation Punchout**.

Moore is deceased. A certified copy of his *Death Certificate* is enclosed. Because he is deceased, there are no applicable privacy exemptions to the FBI's disclosure and production of these records to me.[12]

17. On April 22, 2016, the FBI notified Plaintiff that it had located 32,580 pages of documents and 1 DVD that were responsive to his *FOIA Request*, and asked that Plaintiff agree to pay the $985.00 for the production of these materials on CDs.[13]

18. On April 29, 2016, Plaintiff advised the FBI that he was willing to pay the almost $1,000.00 in production costs.[14]

19. In February of 2016, the FBI contacted Plaintiff asking him to reduce the scope of his *FOIA Request*, but Plaintiff refused asking instead that his request be handled under the *Interim Release Policy*.[15]

20. On July 28, 2016, Plaintiff wrote to the FBI requesting a status report with respect to when he would receive the documents and DVD.[16]

---

[12] *Punch Out FOIA Request*, Exhibit E hereto. (emphasis in original).

[13] *FBI Cost Request*, Exhibit F, hereto.

[14] *Plaintiff's Agreement to Pay Production Costs*, Exhibit G hereto.

[15] *FBI Request to Reduce Scope of Request*, Exhibit H hereto.

[16] *Plaintiff's Request for Status Report*, Exhibit I hereto.

21. Plaintiff never received a response to that request from the FBI.

22. On January 27, 2023, Plaintiff email the FBI's counsel about the FBI's failure to respond to his *FOIA Request*.[17]

23. The FBI's counsel never responded to that email.

24. The FBI has a website on which *FOIA* requesters can check on the status of their *FOIA Request*.[18]

25. On February 7, 2024, Plaintiff checked on the status of his *FOIA Request* directed to Operation Punchout and Roger Moore and learned that it still had not been assigned to an analyst for processing,[19] which obviously means that the FBI does not intend to produce these documents/records to Plaintiff.

26. It has now been 8-1/2 years since Plaintiff submitted his *FOIA Request* to the FBI and he has not received a single document or the DVD.

27. Neither has the FBI told Plaintiff when he can expect to receive those documents and the DVD.

28. Plaintiff has now constructively exhausted his administrative remedies and is, therefore, entitled to bring this action with respect to FBI's refusal to respond to his

---

[17] *Email*, Exhibit J hereto.

[18] https://vault.fbi.gov/fdps-1/@@search-fdps

[19] *Status Report*, Exhibit K hereto.

September 26, 2015 *FOIA Request* by producing the 32,580 pages of records/documents and DVD concerning Operation Punchout and Roger Moore.

**<u>GENERAL ALLEGATIONS AS TO "BOMBROB"</u>**

29. During 1993, 1994 and 1995, a gang known as the Aryan Republican Army or "ARA" robbed banks and armored cars in the mid-west.

30. Timothy McVeigh participated in some of those robberies and is reported to have used money obtained from these crimes to help fund the bombing of the Murrah Federal Building in Oklahoma City on April 19, 1995.

31. Members of the ARA also assisted McVeigh in carrying out the bombing of the Murrah Federal Building.[20]

32. The ARA was actually a front group created by the FBI in which the Bureau had embedded at least one informant.

33. The FBI titled its investigation of the ARA as "BOMBROB" because McVeigh and the other robbers used or threatened to use explosives in their robberies.

34. The FBI also referred to the ARA as the "Mid-West Bank Robbers" or "Mid-West Bank Bandits," and the FBI designated its investigation of that gang as "Major Case No. 124."

35. On July 29, 2016, Plaintiff served a *FOIA Request* upon the FBI for

---

[20] *Langan Declaration*, Exhibit L.

documents/records on Timothy James McVeigh and ARA member Richard Lee Guthrie, Jr. for the years 1993, 1994, and 1995. Specifically, Plaintiff requested the following documents/records on Guthrie and McVeigh from BOMBROB and/or FBI Major Case No. 124:

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Timothy James McVeigh**.

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern contacts Timothy James McVeigh had with Richard Lee Guthrie, Jr., the Aryan Republican Army, the ARA, Mid-West Bank Bandits and/or the Mid-West Bank Robbers**.[21]

36. Guthrie and McVeigh are deceased. Because they are deceased, there are no applicable privacy exemptions to the disclosure and production of these records to me.[22]

37. That same day, July 29, 2016, the FBI acknowledged receipt of Plaintiff's *FOIA Request*.[23]

38. On August 31, 2016, by letter the FBI notified Plaintiff that it had located 36,795 pages of responsive documents, and that the cost of producing them would be

---

[21] BOMBROB *FOIA Request,* Exhibit M hereto.(emphasis in original).

[22] *See McDonnell v. U.S.*, 4 F.3d 1227, 1257 (3rd Cir. 1993)("Persons who are deceased have no privacy interest in nondisclosure of their identities").

[23] *FBI Acknowledgment*, Exhibit N hereto.

$1,135.00.[24]

39.    In that same letter, the FBI asked Plaintiff to agree to pay the production cost.[25]

40.    By letter dated September 6, 2016, Plaintiff did agree to pay those costs.[26]

41.    On April 5, 2017, Plaintiff was contacted by the FBI and asked to pay in advance ½ of the $1,135.00.[27]

42.    On April 12, 2017, Plaintiff sent the FBI a check for $567.50, which was ½ of the estimated production costs.[28]

43.    On May 10, 2017, the FBI emailed Plaintiff to inform him that the cost check had been received, and his request would be assigned to a **"disclosure analyst for processing**."[29]

44.    On August 22, 2018, the FBI advised Plaintiff that his request was being processed and that he would receive the documents by "**interim releases of**

---

[24] *FBI Response to FOIA Request*, Exhibit O hereto.

[25] *Id.*

[26] Plaintiffs *September 6, 2016 Letter*, Exhibit P hereto.

[27] FBI *Demand Letter*, Exhibit Q hereto,

[28] Plaintiff's *Payment of Costs*, Exhibit R hereto.

[29] FBI *Email*, Exhibit S hereto.(emphasis added).

11

**approximately 500 pages per CD**."[30]

45.     On November 30, 2021, Plaintiff e-mailed the FBI's counsel asking when he could expect to receive the documents.[31]

46.     The FBI's counsel did not respond to that e-mail.

47.     On February 7, 2024, Plaintiff visited the FBI website to check on the status of his *FOIA Request* and discovered that it still had not been assigned to an analyst for processing,[32] which obviously means that the FBI does not intend to produce these documents/records to Plaintiff.

48.     It has now been 7-1/2 years since Plaintiff submitted his *FOIA Request* to the FBI for documents/records concerning Timothy McVeigh, Richard Lee Guthrie Jr., BOMBROB, the ARA and Major Case No. 124, and he has not received a single document.

49.      Neither has the FBI advised Plaintiff when he can expect to receive the documents.

50.      Plaintiff has now constructively exhausted his administrative remedies and is, therefore, entitled to bring this action with respect to FBI Defendants' actions and/or response to his July 29, 2016, *FOIA Request* related to records and/or documents

---

[30] FBI *Interim Release Letter*, Exhibit T hereto.(emphasis in original).

[31] *E-Mail*, Exhibit U hereto.

[32] *Status Report*, Exhibit V hereto.

concerning Timothy McVeigh, Richard Lee Gunhrie Jr., BOMBROB and Major Case No. 124.

## CAUSE OF ACTION
### (Refusal to Produce Documents/Records)

51. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 50 above.

52. Plaintiff is almost 80-years of age, and should not have to wait any longer to receive the documents/records and DVD that were the subjects of his *FOIA Requests*.

53. Plaintiff has a statutory right to the documents and/or records requested in his *FOIA Requests* to FBI.

54. The FBI has possession and control of the documents and/or records requested by Plaintiff.

55. The FBI has not claimed that these documents and/or records are otherwise exempt from disclosure.

56. The FBI has acted in bad faith by withholding the 69,375 pages of documents/records and one DVD from Plaintiff.

57. Pursuant to *FOIA*, the FBI has a statutory duty to produce these documents and/or records to Plaintiff but has breached and continues to breach that duty.

58. The FBI has no legal basis to withhold the documents and/or records requested by Plaintiff but it has unlawfully denied and continues to unlawfully deny

Plaintiff access to these documents and/or records, including the DVD.

59. As a direct and proximate result of such denials, Plaintiff has suffered and continues to suffer grave and irreparable injury.

60. Due to the FBI not having complied with the requirements of 28 *C.F.R.* § 16.6 and 5 *U.S.C.* § 552(a)(6)(A) in responding to his *FOIA Requests*, pursuant to *5 U.S.C.* §§ 552(a)(6)(A) and (C), Plaintiff has constructively exhausted his administrative remedies.

61. Pursuant to 5 *U.S.C.* § 552(a)(4)(B), Plaintiff is entitled to seek judicial review of the FBI's refusal to produce the documents/records that he has requested.

61. Plaintiff is also clearly entitled to judicial relief in this Court as set forth in the prayer to this *Complaint*.

62. Pursuant to 552(a) U.S.C. §4 (viii)(I), the FBI is not allowed to impose any production costs upon Plaintiff due to the Bureau's failure to comply with its *FOIA* obligations.

## **PRAYER**

Wherefore, Plaintiff respectfully requests this Court for judgment and/or other relief against the FBI as follows:

1. Due to his advanced age, an expedited proceeding;

2. For an *Order* permanently enjoining the FBI from withholding the documents and/or records, including one DVD that Plaintiff has requested under *FOIA*

and further ordering the FBI to immediately produce all such documents and/or records to the Plaintiff, including the DVD;

3. For an *Order* relieving Plaintiff of any obligation to pay the cost of producing these documents/records and DVD, and further ordering the Bureau to reimburse to Plaintiff the $567.50 costs with interest that he advanced to obtain these materials;

4. For an *Order* awarding Plaintiff his costs, disbursements and reasonable attorney's fees pursuant to 5 *U.S.C.* § 552(a)(4)(E); and

5. For an *Order* awarding Plaintiff such other and further relief as may be equitable, just and proper under the circumstances.

DATED this 10th day of February, 2024.

    /s/ jesse c. trentadue
Jesse C. Trentadue
*Pro Se Plaintiff*