IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

           v.                         Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

1.      I am the Section Chief of the Record/Information Dissemination Section (RIDS),
Information Management Division, Federal Bureau of Investigation (FBI), Winchester, Virginia.
I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section
Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from
November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General
Counsel, Freedom of Information Act (FOIA) Litigation Unit, from September 2011 to
November 2012. In those capacities, I had management oversight or agency counsel
responsibility for FBI FOIA and Privacy Act (FOIPA) litigation cases nationwide. Prior to
joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration (DEA),
from September 2006 to September 2011, where among myriad legal responsibilities, I advised
on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits
nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various

1

assignments from 1994 to September 2006 culminating in my assignment as Chief, General

Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S.

Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

2.      In my official capacity as Section Chief of RIDS, I supervise approximately 236

FBI employees, supported by approximately 108 contractors, who staff a total of nine (9) Federal

Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center

units whose collective mission is to effectively plan, develop, direct, and manage responses to

requests for access to FBI records and information pursuant to the FOIA as amended by the

OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act

of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and

FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.

The statements contained in this declaration are based upon my personal knowledge, upon

information provided to me in my official capacity, and upon conclusions and determinations

reached and made in accordance therewith.

3.      Because of the nature of my official duties, I am familiar with the procedures

followed by the FBI in responding to requests for information from its files pursuant to the

provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.

Specifically, I am aware of the FBI's handling of Plaintiff's FOIA requests that are the subject of

this litigation. The FBI submits this declaration in reply to Plaintiff's Motion to Rescind Order

for Attorneys Planning Meeting and Submission of a Proposed Scheduling Ordered ("Plaintiff's

Motion"). *See* ECF No. 11. During discussions between the Assistant United States Attorney

(AUSA) and Plaintiff, dated May 14, 2024, Plaintiff requested a processing rate of 5,615 pages

per month. In response to Plaintiff's Motion and this processing rate request this declaration will

justify the FBI's processing rate of 500 pages per month.

4.    Part I of this declaration provides the administrative history of Plaintiff's requests; Part II provides a description of the FBI's FOIPA program background, organization structure, and operating environment; Part III provides context concerning the FBI's FOIPA workload; and Part IV describes the FBI's interim release policy.

## PART I: ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUESTS

### FBI FOIPA REQUEST NUMBER 1337577-000

5.    By letter dated September 26, 2015, Plaintiff submitted a FOIA request to the FBI seeking records pertaining to Operation Punchout. Specifically, Plaintiff requested:

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore's involvement with and/or participation in Operation Punchout.
- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moor having been a confidential Information, confidential human source or undercover operative for the FBI or any other law enforcement agency with respect to Operation Punchout.
- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore having been granted immunity from prosecution with respect to his involvement with and/or participation in Operation Punchout.
- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern communications between Roger Edwin Moore and the FBI or one of its agents with respect to Operation Punchout.

Plaintiff submitted Mr. Moore's death certificate as proof of his death. Plaintiff provided additional instruction as to where the FBI should search for responsive records, to include explicit instruction to search the FBI's Electronic Surveillance ("ELSUR") Indices. (**Ex. A.**)

6.    By letter dated October 5, 2015, the FBI acknowledged receipt of Plaintiff's FOIA request, and notified Plaintiff it had assigned his request FBI FOIPA Request Number 1337577-000. The FBI also informed Plaintiff it was searching the Central Records System (CRS) for information responsive to the request and for the purpose of assessing any fees, the

3

FBI determined as a general (all other) requester, Plaintiff would be charged applicable search and duplication fees. Additionally, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. Furthermore, the FBI advised Plaintiff he could appeal the FBI's response to the DOJ, Office of Information Policy (OIP) within sixty (60) days of its letter. **(Ex. B.)**

7.    By letter dated October 8, 2015, the FBI advised Plaintiff that unusual circumstances applied to the processing of his request and would delay the FBI's ability to make a determination on the request. The FBI advised Plaintiff unusual circumstances could include one or more of the following scenarios: a need to search for and collect records from field offices and/or other offices that are separate from RIDS; a need to search for, collect, and examine a voluminous amount of separate and distinct records; and/or there is a need for consultation with another agency or two or more DOJ components. Furthermore, the FBI advised Plaintiff if he would like to discuss reducing the scope of the request or discuss willingness to pay search and duplication costs, he should advise the FBI in writing. The FBI informed Plaintiff he could appeal the FBI's determination by filing an administrative appeal with DOJ, OIP within sixty (60) days from the date of its letter. **(Ex. C.)**

8.    By letter dated October 21, 2015, the FBI informed Plaintiff it had located approximately 30,129 pages of records potentially responsive to his request and by DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. The FBI informed Plaintiff he was entitled to the first 100 pages free of charge, and if a release was made on CD, Plaintiff would receive the cost equivalent ($5.00) as a credit. Plaintiff was further informed that if all responsive pages were released on CD, Plaintiff would owe $910.00 in duplication fees (61 CDs at $15.00 each, less $5.00 credit for the first CD); each CD contains approximately 500

4

reviewed pages per release; and the 500-page estimate is based on the FBI's business practice of

processing complex cases in segments. The FBI advised that in total, the estimated the total cost

for processing Plaintiff's request to be approximately $910.00 for CD releases or $1,501.45 for

paper releases, and that this was only an estimate and actual charges could be less. Additionally,

the FBI informed Plaintiff that although no payment was required at the time, he must notify the

FBI within thirty (30) from the date of its letter of Plaintiff's format decision (paper or CD). The

FBI also provided Plaintiff an opportunity to reduce the scope of his request to reduce the cost

and processing time associated with his request. Finally, the FBI advised Plaintiff he could

appeal the FBI's response to the DOJ, OIP within sixty (60) days of its letter. **(Ex. D.)**

  9.  By e-mailed letter dated October 27, 2015, Plaintiff agreed to pay the $910.00 in

duplication fees for the 30,129 pages of potentially responsive records on CDs. **(Ex. E.)**

  10.  By letter dated April 22, 2016, the FBI advised Plaintiff that: by letter dated

October 21, 2015, he was advised that the FBI had located approximately 30,129 pages of

records responsive to his request; by letter dated October 27, 2015, he agreed to pay the $910.00

for fees associated with his request; the FBI's previous estimate was based on an average of 250

pages per file section, and that upon further review the FBI determined that it had underestimated

the number of potentially responsive records, and there are currently 32,580 potentially

responsive pages. The FBI further advised that by DOJ regulation, the FBI notifies requesters

when anticipated fees exceed $25.00 and if all responsive pages were released on CD, Plaintiff

would owe $985.00 in duplication fees (66 CDs at $15.00 each, less $5.00 credit for the first

CD). In addition, the FBI advised Plaintiff that the FBI had located 1 DVD consisting of video

files that are potentially responsive to the subject of his request and if all of the potentially

responsive media is released, Plaintiff would owe $15.00 (1 DVD at $15.00 each) for media. The

FBI informed Plaintiff that in total, the FBI estimated the total cost for processing Plaintiff's request to be approximately $1,000.00 for CD releases (66 CDs at $15.00 each, and 1 DVD at $15.00 each) or $1,639.00 for paper releases. Additionally, the FBI advised Plaintiff this was only an estimate and actual charges could be less. The FBI advised that although no payment was required at the time, he must notify the FBI within thirty (30) from the date of its letter of his format decision (paper or CD) and agreement to pay the additional fees. The FBI also provided Plaintiff an opportunity to reduce the scope of his request to reduce the cost and processing time associated with his request. Finally, the FBI advised Plaintiff he could appeal the FBI's response to the DOJ, OIP within sixty (60) days of its letter. **(Ex. F.)**

11.    By e-mailed and letter dated April 29, 2016, Plaintiff agreed to pay the $1,000.00 in duplication fees for the 32,580 pages of potentially responsive records on CDs and 1 DVD. **(Ex. G.)**

12.    By letter dated July 28, 2016, Plaintiff inquired about the status of his FOIPA Request Number 1337577-000 and confirmed his agreement to pay the $1,000.00 in estimated duplication costs for the approximately 32,580 pages and DVD containing video files. Plaintiff also renewed his request to receive partial release of the records on a monthly basis as they are processed and approved for release. **(Ex. H.)**

13.    By e-mailed letter dated September 6, 2016, Plaintiff again inquired about the status of his FOIPA Request Number 1337577-000, advising that he also agreed to the FBI processing this request under its *Interim Release Policy* at a rate of 500 pages per month as processing is completed. **(Ex. I.)**

14.    By letter dated September 19, 2016, the FBI advised Plaintiff that his request was

presently in the perfected backlog,[1] where his request was waiting assignment to an analyst. The FBI also provided Plaintiff an opportunity to reduce the scope of his request. The FBI advised Plaintiff reducing the scope of the request would accelerate the process and could potentially place the request into a quicker processing queue. Furthermore, the FBI advised Plaintiff if he would like to discuss reducing the scope of the request or discuss willingness to pay search and duplication costs, he should advise the FBI in writing. Additionally, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. **(Ex. J.)**

     15.     By letter dated October 14, 2016, Plaintiff responded to the FBI's September 19, 2016 letter, and advised that he did not wish to reduce the scope of his request. **(Ex. K.)**

     16.     By letter dated August 22, 2018, the FBI documented an August 21, 2018, email exchange between Plaintiff and a representative of the FBI. The FBI restated that Plaintiff's request was currently in the extra-large track of the FBI's multi-track backlog of unassigned FOIPA requests; the extra-large track contains requests for records in excess of 950 pages and assignments from this queue to the FBI's FOIA Processing Units are typically delayed for a significant amount of time; and that the FBI offered Plaintiff the opportunity to reduce the scope of his request to accelerate its assignment for processing. Further, Plaintiff indicated that he

---

[1] The FBI, via RIDS, determines whether each FOIPA request has the necessary identifying data, signatures, and/or waivers. FOIPA requests that meet these minimum requirements are considered to be "perfected." Initial processing (IP) analysts conduct record searches for perfected requests, and if responsive documents are located, the IP analyst determines if the records are available, are at the appropriate classification level, are digitalized, and are otherwise suitable for processing. The IP analyst then imports the collected digitalized documents into the RIDS document processing system, where they are sent to the "perfected backlog" for assignment to a FOIPA disclosure analyst for processing.

would like all responsive files processed and was willing to wait. The FBI advised that Plaintiff's request would remain in the extra-large track backlog unit it was assigned to a FOIA Processing Unit. In addition, the FBI advised that Plaintiff's request would be processed as interim releases of approximately 500 pages per CD, and by letter dated April 29, 2016, Plaintiff had agreed to pay all fees associated with this request. Lastly, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. **(Ex. L.)**

17.     By email dated January 21, 2024, Plaintiff inquired about the status of his FOIPA Request Number 1337577-000. Plaintiff advised he not received any documents and was hoping to avoid filing a FOIA lawsuit. **(Ex. M.)**

18.     By email dated February 6, 2024, the FBI advised Plaintiff that his request was presently awaiting assignment to an analyst. The FBI also provided Plaintiff an opportunity to reduce the scope of his request. The FBI advised Plaintiff reducing the scope of the request would accelerate the process and could potentially place the request into a quicker processing queue. Furthermore, the FBI advised Plaintiff if he would like to discuss reducing the scope of the request or discuss willingness to pay search and duplication costs, he should advise the FBI in writing. Additionally, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. **(Ex. M.)**

19.     On February 9, 2024, Plaintiff filed the Complaint in this litigation. (ECF No. 1)

FBI FOIPA REQUEST NUMBER 1355313-000

20.     By e-mail and letter dated July 29, 2016, Plaintiff submitted a FOIPA request to the FBI seeking documents/records on Richard Lee Guthrie and Timothy James McVeigh from BOMBROB and/or FBI Major Case No. 124. Specifically, Plaintiff requested:

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Timothy James McVeigh

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern contacts Timothy James McVeigh had with Richard Lee Guthrie, Jr., the Aryan Republican Army, the ARA, Mid-West Bank Bandits and/or the Mid-west Bank Robbers.

Plaintiff submitted the death certificates of Mr. Guthrie and Mr. McVeigh as proof of their deaths. Plaintiff provided additional instruction as to where the FBI should search for responsive records, to include explicit instruction to search the FBI's ELSUR Indices. **(Ex. N.)**

21.    By letter dated August 9, 2016, the FBI acknowledged receipt of Plaintiff's FOIA request, and notified Plaintiff it had assigned his request FBI FOIPA Request Number 1355313-000. The FBI also informed Plaintiff for the purpose of assessing any fees, the FBI determined as a general (all other) requester, Plaintiff would be charged applicable search and duplication fees. Additionally, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. Furthermore, Plaintiff could appeal the FBI's response to the DOJ, OIP within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute resolution services by contacting the Office of Government Information Services (OGIS). **(Ex. O.)**

22.    By letter dated August 31, 2016, the FBI informed Plaintiff it had located approximately 36,795 pages of records responsive to his request and that by DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. The FBI informed Plaintiff he was entitled to the first 100 pages free of charge, and if a release was made on CD, Plaintiff would receive the cost equivalent ($5.00) as a credit. Furthermore, the FBI advised that if all responsive pages were released on CD, Plaintiff would owe $1,105.00 in duplication fees (74 CDs at $15.00 each, less $5.00 credit for the first CD); each CD contains approximately 500 reviewed pages per release; and the 500-page estimate is based on the FBI's business practice of processing complex cases in segments. In addition, the FBI informed Plaintiff it had located audio and video files

potentially responsive to the subject of his request and if all of the potentially responsive media
is released he would owe $30.00 (2 CDs at $15.00 each). In total, the FBI estimated the total cost
for processing Plaintiff's request to be approximately $1,135.00 for CD releases or $1,834.75 for
paper releases. Furthermore, the FBI advised Plaintiff that records responsive to his request were
currently being processed, and in order to avoid charging duplication fees unnecessarily, the FBI
made those records available in the FBI's FOIA Library on the FBI's public website,
http://vault.fbi.gov. Plaintiff was provided with instructions to access the records on the FBI's
public website under the search term "BOMBROB". Additionally, the FBI advised Plaintiff the
duplication fee was only an estimate and actual charges could be less. Though no payment was
required at the time, the FBI informed Plaintiff he must notify the FBI within thirty (30) from the
date of its letter of Plaintiff's format decision (paper or CD). The FBI also provided Plaintiff an
opportunity to reduce the scope of his request to reduce the cost and processing time associated
with his request. Finally, the FBI advised Plaintiff he could appeal the FBI's response to DOJ,
OIP within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute
resolution services by contacting OGIS. (**Ex. P.**)

     23.     By letter dated August 31, 2016, the FBI advised Plaintiff that unusual
circumstances applied to the processing of his request and would delay the FBI's ability to make
a determination on the request. The FBI advised Plaintiff unusual circumstances include one or
more of the following scenarios: a need to search for and collect records from field offices and/or
other offices that are separate from RIDS; a need to search for, collect, and examine a
voluminous amount of separate and distinct records; and/or there is a need for consultation with
another agency or two or more DOJ components. The FBI informed Plaintiff he could appeal the
FBI's determination by filing an administrative appeal with DOJ, OIP within ninety (90) days

from the date of its letter. **(Ex. Q.)**

24.    By letter dated September 6, 2016, Plaintiff agreed to pay the $1,135.00 in duplication fees for the potentially responsive records on CDs and confirmed his agreement to receive the documents in 500-page segments under the FBI's interim release policy. **(Ex. R.)**

25.    By letter dated April 5, 2017, the FBI advised Plaintiff that by letter dated September 6, 2016, he indicated his willingness to pay for 36,795 pages of documents as well as 2 CDs of digital media associated with the subject of his request. The FBI advised that at the time of the communication, Plaintiff was informed of the potential wait time for processing these documents; however, Plaintiff declined to reduce the scope of his request. The FBI explained that further attempts were made to contact Plaintiff for negotiation on March 9, 2017, March 13, 2017, and March 17, 2017; however, contact was not made. The FBI further advised that because the estimated fees exceed $250.00 the FBI required an advance payment equivalent to 50% of the total estimated costs before proceeding. Specifically, Plaintiff would need to remit payment of $567.00 for CD releases. The FBI informed Plaintiff he must remit the advance payment and advise in writing of his format decision within thirty (30) days from the date of its letter. Again, the FBI offered Plaintiff an opportunity to reduce the scope of his request to reduce the cost and processing time associated with his request. Finally, the FBI advised Plaintiff he could file an appeal with OIP within sixty (60) days of the FBI's letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS. **(Ex. S.)**

26.    By e-mail and letter dated April 12, 2017, Plaintiff responded to the FBI's April 5, 2017, letter and agreed to pay the $1,135.00 in duplication fees for the potentially responsive records on CDs. Plaintiff again declined to narrow the scope of his request and included a personal check in the amount of $567.00. **(Ex. T.)**

27.     By letter dated August 22, 2018, the FBI documented an August 21, 2018, email exchange between Plaintiff and a representative of the FBI. The FBI advised that Plaintiff's request was currently in the extra-large track of the FBI's multi-track backlog of unassigned FOIPA requests; that the extra-large track contains requests for records in excess of 950 pages and assignments from this queue to the FBI's FOIA Processing Units are typically delayed for a significant amount of time; and that Plaintiff was offered the opportunity to reduce the scope of his request to accelerate its assignment for processing but indicated that he would like all responsive files processed and was willing to wait. Furthermore, the FBI advised that Plaintiff's request would remain in the extra-large track backlog unit it was assigned to a FOIA Processing Unit. In addition, the FBI advised that Plaintiff's request would be processed as interim releases of approximately 500 pages per CD, and by letter dated April 12, 2017, he had agreed to pay all fees associated with this request. Lastly, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. **(Ex. U.)**

28.     On February 9, 2024, Plaintiff filed the Complaint in this litigation. (ECF No. 1)

THE FBI'S ACTION TAKEN POST LITIGATION

29.     By letter dated March 25, 2024, the FBI advised Plaintiff that records responsive to his request concerning BOMBROB and Roger Edwin Moore were available in the FBI's FOIA Library on the FBI's public website, http://vault.fbi.gov and provided guidance on accessing those records. The FBI further advised that additional records potentially responsive to his subjects may exist and he could inform the FBI by emailing foipaquestions@fbi.gov or replying through standard mail if he would like the FBI to conduct a search of the indices of the FBI's CRS. Finally, the FBI advised Plaintiff he could appeal the FBI's response to DOJ, OIP within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute

resolution services by contacting OGIS. **(Ex. V.)**

      30.    By letter dated April 15, 2024, the FBI advised Plaintiff that it had received his advance payment dated April 12, 2017, in the amount of $567.50. The FBI further advised that upon review, the FBI opted to issue a refund for this transaction. In order to initiate the refund, the FBI attached its Vender Request Form and asked Plaintiff to complete items 8-22 and return the form to the FBI via standard mail, facsimile, or by emailing it to foipaquestions@fbi.gov. Finally, the FBI advised Plaintiff he could appeal the FBI's response to DOJ, OIP within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute resolution services by contacting OGIS. **(Ex. W.)**

## PART II: FBI'S FOIPA PROGRAM BACKGROUND: ORGANIZATIONAL STRUCTURE, AND OPERATING ENVIRONMENT

      31.    To best put in context the time and effort dedicated to process an FBI FOIPA request, an overview of the organization and operating environment of the FBI's FOIPA program follows.

### RIDS ORGANIZATIONAL STRUCTURE AND OPERATING ENVIRONMENT

      32.    The FBI currently employs 236 Government Information Specialists (GISs), with support from 108 contractors, to process requests for FBI information under the FOIA and Privacy Acts and conduct classification and declassification reviews, *inter alia.* RIDS staff are assigned to the following units:

      a.   RIDS Front Office, which oversees personnel and other administrative functions, directs process improvement to include training and protocol management, and handles various special projects;

      b.   the FOIPA Support Unit, which serves as RIDS's Public Information Office and provides administrative assistance and support to the other RIDS units;

      c.   the Initial Processing Operations Unit (IPOU), which receives and opens new FOIPA requests, initiates searches for records responsive to FOIPA requests,

makes responsiveness determinations, and ensures that responsive material is scanned and imported into FOIPA Document Processing System.[2];

d.   FOIPA Operations Units, which process records responsive to FOIPA requests by applying exemptions and preparing them for public dissemination;

e.   the National Security Classification Operations Unit (NSCOU), which provides expert guidance and direction regarding FOIPA requests pertaining to national security matters, and develops and manages responses to requests for access to sensitive national security information in FBI records. NSCOU also reviews and makes national security classification determinations pursuant to Executive Order 13526 in response to a variety of requests, and also conducts mandatory and systematic declassification reviews; and

f.   the Litigation Support Unit, which assists the FBI Office of the General Counsel's FOIPA Litigation Unit in handling all FOIPA lawsuits against the FBI or involving FBI records and information by reviewing, researching, and justifying the FBI's response to FOIPA requests, and preparing detailed declarations to support motions for summary judgment.

33.   Perfected FOIPA requests are typically worked by at least two units and require action by multiple employees during their lifecycle. Requests generally start in IPOU; those that include classified information are reviewed by NSCOU; once they have completed their reviews, the requests move to a FOIPA Operations Unit for processing; and if a request is in litigation, Litigation Support Unit is involved throughout the process.[3]

---

[2] Some FOIPA Operations Units are "single station" units and perform the intake and initial processing work (*e.g.*, searches) instead of IPOU, as well as processing for FOIA exemptions.

[3] These only addresses RIDS' process. As part of the FBI's FOIA process, subject matter experts and other stakeholders within the FBI are consulted prior to release of records, and if other agencies' records or equities are implicated, the FBI consults with those agencies and/or refers records to them for processing prior to any final decisions about release or withholding under the FOIA.

## PART III: THE FBI'S FOIPA WORKLOAD

34.    Operationally, the FBI has one of the largest and most complex FOIPA programs

in the federal government, reviewing an average of approximately one million pages for annual

dissemination to the public.

35.    The FBI FOIPA Program has experienced sustained growth in the volume of

incoming receipts and cases in litigation from fiscal year (FY) 2016 to present. Notably, in

FY2022, the Program received its highest number of requests for records from the public—

43,363 FOIPA requests, which represents a 95% increase in requests from FY2016. In FY2023,

the FBI received 40,425 requests for records, indicative of a historic incoming volume trend of

over 40,000 requests per annum. Combined with the rise in FOIPA litigation pending case

growth of 133%, from FY2015 to FY2023, RIDS' finite resources are continually challenged

with this elevated request volume and complexity of requests.

36.    The growth in the number of requests that the FBI FOIPA Program receives each

year means that the FBI FOIPA Program must routinely handle high volumes of FOIPA requests

and review a large volume of pages every year. As a result, the FBI FOIPA program's volume of

unaddressed work exceeded 12,000 requests at the end of FY2023. The number of total pending

requests has increased steadily since 2015, in which the FBI had 4,829 pending FOIA requests.

However, despite the steady increase in workload, the FBI's FOIPA personnel count has

increased only minimally, from approximately 253 FBI employees and 55 contractors in 2015, to

236 FBI employees and 108 contractors currently.

37.    On October 20, 2023, the Deputy Attorney General (DAG) of the DOJ sent a

memorandum (DOJ Memorandum) to several DOJ components, including the FBI, stating that

since 2018, the average time for processing a simple[4] FOIA request in the Department has more than quadrupled, from 30 days to 134, and that three components account for nearly 85 percent of the Department's overall FOIA backlog, and seven components have seen their backlog increase by more than 65 percent since 2018. This memorandum directed the FBI to reduce its FOIA backlog to September 2018 levels no later than December 15, 2025. **(Ex. X.)** Based on the directive within the DOJ memo and the drastic growth in the volume of FOIPA requests handled by the FBI's FOIPA program over the last six years, it is imperative that the well recognized FBI interim release policy of 500 pages per month per requester remain intact in this case as detailed in Part IV.

38.     The challenges described above are compounded by the resource burden of FOIA requests that are in litigation. Currently, there are approximately 474 FBI FOIPA pending litigation cases in jurisdictions nationwide. The FBI is making interim releases of non-exempt records in 47 of the pending lawsuits, processing over 22,869 pages per month on a rolling basis just in litigated requests alone. For every resource devoted to processing records in FOIPA lawsuits, fewer pages can be processed for requesters whose requests are pending at the administrative stage, resulting in the current size of the FBI's FOIA backlog. Thus, the general public's access to FBI records is being impeded by the interests of the few who are able to litigate their cases (which can potentially give them priority access and limits access for the majority of other requesters, many of whom have been waiting in the queues). It is precisely this scenario that resulted in the long wait time in backlog for Plaintiff's request. Therefore, the FBI

---

[4] 'Simple' requests are those containing under 51 pages of potentially responsive documents and do not require FBI classification reviews or external coordination (now the extra-small requests).

must carefully balance multiple competing demands to ensure the best use of its finite resources to serve all requestors.

## PART IV: THE FBI'S INTERIM RELEASE POLICY

39.     To better serve the requesting public and prevent the monopolization of the FBI's FOIPA program by a few large-queue requesters, RIDS must carefully balance multiple competing demands to ensure the best use of its finite resources. To that end, and prior to the receipt of the DOJ's Memorandum requiring the FBI to further reduce its backlog, on or about January 2010, the FBI instituted a policy of reviewing and processing records in 500-page increments per month per request (hereinafter referred to as the "policy"). The FBI's policy is derived from DOJ FOIA regulations at 28 C.F.R. § 16.5(b) (regarding prompt disclosure of responsive material upon payment of any applicable fees). The rationale for the FBI's policy concerning the processing of 500 pages per month is four-fold: RIDS' implementation of multi-track processing queues; release efficiencies; information security reviews; and stewardship.

40.     _RIDS Implementation of Multi-Track Processing Queues:_ First, the policy is based on sound FOIA business practice. FOIA encourages agencies to develop multi-track processing with the goal of responding to more requests. Accordingly, the FBI established five processing queues – extra-small queue (1-50 pages), small queue (51-250 pages), medium queue (251-500 pages), large queue (501-4,999 pages), and extra-large queue (more than 5,000 pages). Within each queue, requests are processed in "first in, first out" ("FIFO") order. The FBI added the extra-small queue effective in April 2024. Based on the number of requests in each queue, the FBI has determined that the majority of requests range from 1 to 250 pages and added an additional processing track to more efficiently address requests with a lower page count. As a result of this new queue structure, those requests seeking large numbers of pages (assigned to the

17

large and extra-large queues) comprise a disproportionate percentage of the total pages pending

review by RIDS at the end of FY2023 -- approximately 89.6% of the total 11.43 million pages

pending. Conversely, approximately 10% of the total 11.43 million pages pending reside in the

extra-small, small and medium queues. Relative to the number of requests, large and extra-large

queue requests only account for 22% of all pending requests within RIDS while the clear

majority of requests pending with RIDS at 78% reside in the extra-small, small and medium

queues. By making interim releases in 500-reviewed pages increments, the FBI regularly

provides more pages to more requesters across the five queues, thus avoiding a system where a

few, large queue requests or litigations monopolize finite processing resources resulting in less

pages provided to fewer requesters on a more infrequent basis. In this case, Plaintiff's requests

would be classified as extra-large, as the FBI has to date located approximately 69,375 pages and

3 CDs of media responsive to Plaintiff's request.[5]

41.    *Release Efficiencies:* Second, the policy promotes release efficiencies. RIDS

processes responsive records in 500-reviewed pages increments, meaning 500 pages are

reviewed for release; all security protocols are run; a CD containing the segregable releasable

portions of these 500 pages reviewed is prepared; then, the next 500 pages are reviewed and

prepared for release; and so on until all responsive pages are reviewed and released. By working

in 500-page increments, RIDS has determined that more pages will get processed, reviewed, and

released to more requesters each month. In terms of managing workflow, the 500-page size has

proven to be ideal for reviewing officials, and other components or agencies that must be

---

[5] This approximate number includes pages which were previously reviewed for Vault releases.
However, the FBI intends on re-reviewing those pages to look for additional segregable
information, add Bates-pages, and add *Vaughn* codes to applied redactions.

consulted before release. Moreover, maintaining a steady interim release posture is key in

meeting the demands posed by the growing number, size, and complexity of FOIPA requests

received by the FBI. For example, if the FBI had to add more pages to this steady stream of

interim releases, it would risk creating delays to all requests—even those that predate Plaintiff's

request—should an issue arise with a large monthly release, or if the FBI's finite resources

become too stretched to work efficiently and at a sustainable pace. Lastly, more strain on the

FBI's finite resources will increase the risk of inadvertent disclosure of information that is

otherwise exempt from disclosure under FOIA, release of which could cause substantial harm.

     42.     *Information Security Reviews:* Third, part of the process in finalizing material for

release involves information security. Many FBI records contain classified information, requiring

FBI FOIPA requests to be processed on a classified computer network. Thus, when a CD is

prepared for release after review and consultation, it must also undergo a multi-step information

security review. Specifically, the FBI employs pre-release security scans that must be performed

every time information is taken from the classified network and released to a requester in an

unclassified format. To perform this function, the FBI leverages Optical Character Reader (OCR)

capability. This OCR capability performs required pre-release security scans on designated lists

of "exempted terms," referred to as "Exempt Term Search" or "ETS," by which RIDS is able to

run a general security protocol, in which RIDS scans for prescribed code words, as well as an

individualized protocol, in which RIDS scans for words that RIDS determines are unique to the

particular request and may include searches for specific exempt words, names, confidential

sources, or classified techniques. The FBI employs this function prior to sending each release

that a requester receives. Due to the security requirements, until recently the 500-reviewed pages

had proven ideal in maintain a steady release flow. Running these security protocols and

resolving any issues that may arise can require a significant amount of effort and time which

increases as more pages are added, which can lead to bottlenecking that delays the FBI's efforts

to complete security protocols for all other monthly releases and results in fewer pages overall

being released each month.

43.    _Stewardship to Equitably Serve all Requestors:_ The 500 pages reviewed per

month workflow size has proven ideal as it allows for a steady flow of information to the public

at large. Without equitable resource management focused on serving the most requesters on a

consistent basis, a distinct minority of requesters seeking a disproportionate number of pending

pages (large and extra-large queue requests) can dominate the FBI's finite resources. To prevent

such an inverted system, the FBI must be a good steward of its finite resources to serve the entire

public via its active queue management procedures and strict adherence to its recognized and

successful interim release policy. The 500-page incremental size enables a manageable monthly

production rate because it allows for the processing of the material by an analyst, review time,

and the application of FBI information security protocols that must be followed before FBI

information can be made public. Additionally, 500-page increments allow requesters to receive

information on a regular basis, rather than wait until all pages responsive to their request are

processed before receiving any material. Finally, the efficacy of the policy is judicially

recognized.[6]

---

[6] In reviewing the FBI's interim release policy, in the context of the fees charged for the monthly
500- page releases in CD format, the U.S. Court of Appeals for the District of Columbia Circuit
endorsed the FBI's interim release policy, recognizing it "serves to promote efficient responses
to a larger number of requesters" based on the FBI's "reasonable" and "non-obstructionist"

44.     All four of the above-mentioned factors work together to form the basis of the

FBI's interim release policy, designed to equitably provide the most information possible to the

largest number of requesters. Altering the FBI's interim release policy to provide more

information faster than FIFO or at a higher rate for requesters who litigate over those that do not

creates an imbalance of the FBI's finite FOIPA processing resources. In this instance, processing

at 5,615 pages per month would mean allowing Plaintiff to consume a much larger amount of the

FBI's finite resources and would unwarrantedly pull FOIPA resources away from other FOIPA

requesters. This includes requests not subject to litigation and awaiting processing. The same

personnel who work to comply with numerous litigation deadlines are the same individuals

working on the administrative FOIA requests, referrals, and appeals. Thus, increasing the

production schedule rate for Plaintiff's request would absolutely result in a less equitable

distribution of the FBI's finite processing resources relative to all other requesters. Simply put,

departing from the interim release policy in favor of producing more records for this Plaintiff

would result in delaying the response times for all other smaller requesters and result in fewer

---

explanation of its program objective of providing more requesters with more pages on a
consistent basis. *See Nat'l Sec. Counselors v. Dep't of Justice*, 848 F.3d 467 (D.C. Cir. 2017).
More recently, the 7th Circuit Court of Appeals also found the FBI's interim release policy to be
reasonable, stating that "under § 552(a)(6)(D)(1), agencies may develop regulations "for
multitrack processing of requests for records based on the amount of work or time (or both)
involved in processing requests." And the Department of Justice has done so, allowing agencies
such as the FBI to "designate additional processing tracks that distinguish between simple and
more complex requests based on the estimated amount of work or time needed to process the
request." 28 C.F.R. § 16.5(b).  The FBI's policy for requests exceeding 500 pages of documents
is one of those contemplated tracks that allows for measured production of large FOIA requests.
*See White v. FBI*, Civ. A. No. 20-1798, 2021 WL 1118087 (7th Cir. Mar. 24, 2021).

requesters receiving records each month.[7] Plaintiff's proposed processing rate of 5,615 pages per month is 1,023% higher than the standard rate and creates the risk of causing bottlenecks that would affect all other requests, even those that are older than Plaintiff's request, and would risk the accidental disclosure of material exempt under FOIA. Thus, without a compelling need to provide the records in an expedited fashion, as defined by 5 U.S.C. §§ 522(6)(E)(v)(I) and (II), such treatment of Plaintiff's request is unwarranted.

## CONCLUSION

The FBI takes very seriously its responsibilities with regard to the administration of the FOIPA program. All reasonable efforts are being made to timely process requests at the administrative stage and those in litigation, including Plaintiff's. Under the DAG backlog reduction mandate, the FBI has carefully balanced the volume of responsive records along with Plaintiff's interests, while also recognizing and preserving the rights of other litigants and requesters in accessing information they seek. Due to the volume of work generally faced by the FBI, with respect to administrative matters and other litigation cases, in conjunction with the FBI's processing policy and the total volume of records associated with the processing of Plaintiff's request, the FBI is requesting a production rate of 500 pages reviewed per month. The requested production rate falls in line with the FBI's policy in effect at the time of Plaintiff's request, and will allow the FBI the time necessary to process and release all non-exempt records responsive to Plaintiff's request. Further, the FBI determined that altering its policy to suit the personal preferences of plaintiffs, or any of the thousands of other requesters seeking information

---

[7] Processing Plaintiff's request at the rate of 5,615 pages per month would consume the FBI's resources that would otherwise be used to process a monthly release for eleven (11) other requesters at its standard rate of 500 pages per month.

22

from the FBI, would not be feasible or efficient and would disrupt RIDS's ability to process the

high volume of FOIPA requests in a manner that is most beneficial for FOIA requesters as a

whole. If one plaintiff or requester receives preferential treatment, this could create a precedent

for other requesters that would undermine the interim release policy that the FBI has developed

to effectively, but sustainably, respond to its massive number of FOIPA requests each year at the

maximized rate of 500 pages per month. Accordingly, the FBI respectfully requests that this

Court allow the FBI to process at 500 pages per month.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through Z attached hereto are true and correct copies.

Executed this __5th__ day of June 2024.


MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE,<br><br>    Plaintiff,<br><br>           v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 2:24-cv-00105-AMA-DAO |

# Exhibit A

# FREEDOM OF INFORMATION ACT REQUEST

## JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah  84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

September 26, 2015

Federal Bureau of Investigation
FBI Record Information/Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

Re: *FOIA* Request
Roger Edwin Moore
DOB: December 20, 1934
SSN: 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
DOD: March 4, 2014

Dear Sir/Madam:

During the late 1980s and early 1990s, the FBI had an undercover operation in Utah by the name of "Operation Punchout."  Pursuant to the *Freedom of Information Act*, 5 U.S.C. §§ 552 *et seq*., I am requesting documents/records on Roger Edwin Moore.[1] Specifically, I am requesting the following documents/records:

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore's involvement with and/or participation in Operation Punchout.**

---

[1]  As used in this request, the term "documents/records" means written, printed, typed, graphic or photographic matter of any kind or nature, however, produced or reproduced, and all mechanical magnetic, electromagnetic and electronic photographs, video recordings, sound recordings or written transcripts thereof, however, produced or reproduced. Also included within the term "documents/records" is electronically stored information–such as writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation  by the FBI into a reasonably useable form.

1   OCT 2015

Roger Edwin Moore
FOIA Request
September 26, 2015
Page 4

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore having been a confidential informant, confidential human source or undercover operative for the FBI or any other law enforcement agency with respect to Operation Punchout.**

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Roger Edwin Moore having been granted immunity from prosecution with respect to his involvement with and/or participation in Operation Punchout.**

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern communications between Roger Edwin Moore and the FBI or one of its agents with respect to Operation Punchout.[2]**

Moore is deceased. A certified copy of his *Death Certificate* is enclosed. Because he is deceased, there are no applicable privacy exemptions to the FBI's disclosure and production of these records to me.[3]

## SEARCH REQUESTED

The Records Management Division is under a duty to conduct a "reasonable search" for records responsive to my request using methods that can be reasonably expected to produce responsive records if they exist.[4] The Records Management Division, however, typically does a perfunctory search for documents/records responsive to a FOIA request that consists solely of a search of the FBI's Central Records System

---

[2] By law, the Records Management Division is required to liberally construe this request. *See Truitt v. Dep't of State*, 897 F.2d 540, 544-45(D.C. Cir. 1990)(citing Senate Report accompanying relevant provisions of *FOIA*).

[3] *See McDonnell v. U.S.*, 4 F.3d 1227, 1257 (3rd Cir. 1993)("Persons who are deceased have no privacy interest in nondisclosure of their identities").

[4] *See* 5 U.S.C. §552(a)(3)(C). *See also Zemansky v. United States EPA*, 767 F.2d 569, 571 (9th Cir. 1985).

Roger Edwin Moore
FOIA Request
September 26, 2015
Page 4

using the Universal Index.  By law, this search is inadequate because not all FBI records
are contained in the Central Records System, because no text-based search can be done of
the Central Records System, and because the Universal Index by which a search of the
Central Record System is conducted is highly subjective and inaccurate.[5]

I am requesting, therefore, that in addition to a search of the FBI's Central
Records System, that the Records Management Division conduct the following additional
searches for the document/records that I have requested on Roger Edwin Moore:

- Appropriate text-based searches of the FBI's "Electronic Case
  File" which, at a minimum, should include: (1) a  search using
  Moore's name and the terms "Punchout", "Punch-Out" and
  "Punch Out"; and (2) a search using Moore's social security
  number and the terms "Punchout", "Punch-Out" and "Punch
  Out".

- A search of the I-Drives and S-Drives at FBI Headquarters as
  well as searches of the I-Drives and S-Drives at the Little Rock,
  Oklahoma City, and Salt Lake City FBI Field Offices.

- A search of the FBI's "ELSUR" data base.

- A manual search of the Indices of those restricted documents that
  are not uploaded into the FBI's  Central Records System or the
  Electronic Case FIle.

- A search of the FBI's Confidential Informants sub-files in the
  Punchout investigation.

- A search of the FBI's Undercover Operatives sub-files in the
  Punchout investigation.

---

[5] *See Campbell v. Department of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1988)(FBI did not
conduct an adequate search for records when it confined its search to the "Central Record System
(CRS) index", which is not capable of locating all documents responsive to a FOIA request).

Roger Edwin Moore
FOIA Request
September 26, 2015
Page 4

- A search of the FBI's Confidential Human Sources sub-files in
  the Punchout investigation.[6]

I also agree to reimburse the FBI for the statutory fees and/or costs incurred in
responding to this request.

Finally, would you please confirm you r receipt of this request.  My e-mail address
is: jesse32@sautah.com

Thank you.

jesse c. trentadue

---

[6] In *Campbell*, the FBI acknowledged that if requested it is required to do these additional
searches.  *See Campbell*, 164 F.3d at 27.



**STATE OF FLORIDA**

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER.  HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF DEATH

**STATE FILE NUMBER:** 2014037945     **DATE ISSUED:** September 4, 2015

## DECEDENT INFORMATION

**STATE FILE DATE:** March 18, 2014

NAME: ROGER   EDWIN   MOORE

DATE OF DEATH: March 4, 2014    SEX: MALE    AGE: 079  YEARS
DATE OF BIRTH:  December 20, 1934    SSN:  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
BIRTHPLACE: SIOUX CITY, IOWA, UNITED STATES
PLACE WHERE DEATH OCCURRED:   DECEDENT'S HOME
FACILITY NAME OR STREET ADDRESS: 4350 COREY ROAD
LOCATION OF DEATH:  MALABAR, BREVARD COUNTY, 99999

## SURVIVING SPOUSE, DECEDENT'S RESIDENCE AND HISTORY INFORMATION

MARITAL STATUS: WIDOWED
SPOUSE (IF FEMALE, MAIDEN NAME): NONE
RESIDENCE:  4350 COREY ROAD, MALABAR, FLORIDA  32950, UNITED STATES
COUNTY: BREVARD
OCCUPATION, INDUSTRY: SALESMAN, FIRE ARMS
RACE:  _X_ White    ___ Black or African American    ___ Asian Indian    ___ Chinese    ___ Filipino    ___ Native Hawaiian
___ American Indian or Alaskan Native--Tribe:    ___ Japanese    ___ Korean    ___ Vietnamese
___ Guamian or Chamorro    ___ Samoan    ___ Other Pacific Isl:
___ Other Asian:    ___ Other:    ___ Unknown
HISPANIC OR HAITIAN ORIGIN? NO, NOT OF HISPANIC/HAITIAN ORIGIN
EDUCATION: MASTERS DEGREE      EVER IN U.S. ARMED FORCES? YES

## PARENTS AND INFORMANT INFORMATION

FATHER:  PAUL ALAN MOORE
MOTHER:  ALTHEA   PIPER
INFORMANT:  KAREN  ANDERSON
RELATIONSHIP TO DECEDENT:  FRIEND
INFORMANT'S ADDRESS: 4350 COREY ROAD, VALKARIA, FLORIDA  32950, UNITED STATES

## PLACE OF DISPOSITION AND FUNERAL FACILITY INFORMATION

PLACE OF DISPOSITION:  FOUNTAINHEAD CREMATORY
       PALM BAY, FLORIDA
METHOD OF DISPOSITION: CREMATION
FUNERAL DIRECTOR/LICENSE NUMBER:  TONY T. JENNINGS,  F063935
FUNERAL FACILITY:  FOUNTAINHEAD FUNERAL HOME F056369
       7359 BABCOCK ST SE, PALM BAY, FLORIDA  32909

## CERTIFIER INFORMATION

TYPE OF CERTIFIER: CERTIFYING PHYSICIAN      MEDICAL EXAMINER CASE NUMBER:  NOT APPLICABLE
TIME OF DEATH (24 hr): 1703
CERTIFIER'S NAME:  VERNICE D RAGSDALE
CERTIFIER'S LICENSE NUMBER:  ME13755
NAME OF ATTENDING PHYSICIAN (If other than Certifier): NOT ENTERED

*State Registrar*

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE CERTIFIED COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.
THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARKS. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THE DOCUMENT WILL NOT PRODUCE A COLOR COPY.
**WARNING:**

REQ:  2016292148

DH FORM 1946 (03-13)

CERTIFICATION OF VITAL RECORD

*VOID IF ALTERED OR ERASED*

*33810763*



Jesse C. Trentadue
SUITTER AXLAND PLLC
8 East Broadway
Suite 200
Salt Lake City, Utah 84111



RECEIVED
SEP 2 9 2015
Opened & Inspected
RMD Winchester

Hasler
09/26/2015
US POSTAGE
$00.48⁵
FIRST CLASS MAIL
ZIP 84101
011D1636808

**FREEDOM OF INFORMATION ACT REQUEST**
**Federal Bureau of Investigation**
**Record Information/Dissemination Section**
**Records Management Division**
**170 Marcel Drive**
**Winchester, VA 22602-4843**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 2:24-cv-00105-AMA-DAO |

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 5, 2015

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Trentadue:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIA system.

    ☐ We have reviewed your request and determined that it is compliant with the terms and conditions of the eFOIA system.   You will continue to receive correspondence online.

    ☐ We have reviewed your request and determined that it is not in compliance with the terms and conditions of the eFOIA system.   Future correspondence will be mailed to you.

☑ We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑ As a general (all others) requester, you will be charged applicable search and

duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check the Status of Your FOIPA Request** under **Records Available Now** located on the right side of the page.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Should you disagree with any determination referenced in this letter, you may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.     Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

          v.                            Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# Exhibit C



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 8, 2015

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Trentadue:

Please be advised that we have determined "unusual circumstances" apply to the processing of your request.  See 5 U.S.C. § 552 (a)(6)(B)(iii).   "Unusual circumstances" include the following scenarios:

There is a need to search for and collect records from field offices and/or other offices that are separate from the FBI Record/Information Dissemination Section (RIDS).

There is a need to search for, collect, and examine a voluminous amount of separate and distinct records.

There is a need for consultation with another agency or two or more DOJ components.

These "unusual circumstances" will delay our ability to make a determination on your request. Additionally, the payment of pertinent fees may apply to your request.   See 5 U.S.C. § 552 (a)(4)(A)(viii).

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.    Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

     Plaintiff,

              v.                     Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

# Exhibit D



**U.S. Department of Justice**

---

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 21, 2015

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Trentadue:

This is in reference to your Freedom of Information Act (FOIA) request.

By letter dated 09/26/2015 you indicated your willingness to pay $0.00 in FOIA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 30,129 pages of records potentially responsive to the subject of your request.   By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Please be advised that you are entitled to the first 100 pages free of charge.   If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑    If all potentially responsive pages are released on CD, you will owe $910.00 in duplication fees (61 CDs at $15.00 each, less $5.00 credit for the first CD).   Releases are made on CD unless otherwise requested.   Each CD contains approximately 500 reviewed pages per release.   The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $1,501.45 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐    You submitted your request via the FBI's eFOIA system.   Releases will be made to you electronically, and you will owe _____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☐    The FBI's eFOIA system cannot transmit audio and video files, and they will need to be released on CD.   The FBI located approximately ___ CDs consisting of audio and video files that are potentially responsive to the subject of your request.   If all of the potentially-responsive media is released, you will owe $_____ (__ CDs at $15.00 each, less $5.00 credit for the first CD).

☐    CDs will not be sent to a correctional institution.   You will only qualify for CD releases if an alternate address is provided.

☐    You will owe approximately $___ in international shipping fees.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s).   Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

**Requester Response**

<u>No payment is required at this time</u>.   If your request does not qualify for eFOIA releases, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD).   You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:

☐     I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐     I am willing to pay fees of a different amount.

**Please specify amount:** _____

☐     Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay International shipping fees.

☐     Cancel my request.

**If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed.   Include the FOIPA Request Number listed above in any communication regarding this matter**.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   <u>See</u> 5 U. S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

          v.                    Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# Exhibit E

**Deutsch, Kimberly L. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Jesse Trentadue <Jesse32@sautah.com> |
| **Sent:** | Tuesday, October 27, 2015 12:40 PM |
| **To:** | FOIPARequest |
| **Cc:** | Hardy, David M. (RMD) (FBI) |
| **Subject:** | ATTENTION:  WORK PROCESS UNIT  FOIPA REQUEST NO> 1337577-000 |
| **Attachments:** | COST RESPONSE 102715.pdf |

Dear Sir/Madam:

Attached is my letter agreeing to pay the specified fees for production of records on CDs in
response to FOIA Request No. 1337577-000

jesse c. trentadue
Suitter Axland, PLLC
8 East Broadway #200
Salt Lake City, UT 84111
Telephone:  801 532 7300
jesse32@sautah.com

"This transmission (including any attachments) may contain confidential information, privileged material (including material
protected by the attorney-client or other applicable privilege), or constitute non-public information. Any use of this
information by anyone other than the intended recipient is prohibited. If you have received this transmission in error,
please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or
reproduction of this transmission by unintended recipients is not authorized and may be unlawful."

# FREEDOM OF INFORMATION ACT REQUEST

## JESSE C. TRENTADUE
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

October 27, 2015

VIA E-Mail and U.S. Mail
Work Process Unit
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA. 22602

Re: *FOIA* Request 1337577-000
Roger Edwin Moore
Operation Punchout

Dear Sir/Madam:

I am writing in response to the enclosed letter from Section Chief David M. Hardy's October 21, 2015 letter to me regrading costs associated with my *FOIA* Request, and the manner in which I would like responsive documents produced. I am willing to pay the $910 in duplication fees referenced by Mr. Hardy for production of the 30,129 pages of potentially responsive records on CDs. I have also enclosed a copy of Mr. Hardy's letter with the appropriate payment response checked.

Thank you.

jesse c. trentadue



U.S. Department of Justice



Federal Bureau of Investigation
*Washington, D.C. 20535*

October 21, 2015

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Trentadue:

This is in reference to your Freedom of Information Act (FOIA) request.

By letter dated 09/26/2015 you indicated your willingness to pay $0.00 in FOIA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 30,129 pages of records potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑   If all potentially responsive pages are released on CD, you will owe $910.00 in duplication fees (61 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $1,501.45 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐   You submitted your request via the FBI's eFOIA system. Releases will be made to you electronically, and you will owe _____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☐   The FBI's eFOIA system cannot transmit audio and video files, and they will need to be released on CD. The FBI located approximately ___ CDs consisting of audio and video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $_____ (___ CDs at $15.00 each, less $5.00 credit for the first CD).

☐   CDs will not be sent to a correctional institution. You will only qualify for CD releases if an alternate address is provided.

☐   You will owe approximately $____ in international shipping fees.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s). Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

Requester Response

**No payment is required at this time.**   If your request does not qualify for eFOIA releases, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD).   You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:

☑    I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐    I am willing to pay fees of a different amount.

       **Please specify amount:** _____

☐    Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay International shipping fees.

☐    Cancel my request.

If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed.   Include the FOIPA Request Number listed above in any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602.**   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Jesse C. Trentadue
SUITTER AXLAND PLLC
8 East Broadway
Suite 200
Salt Lake City, Utah 84111

22602484370

Work Process Unit
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA. 22602

SALT LAKE CITY
UT 840
27 OCT '15
PM 3 L

RECEIVED
OCT 30 2015
Opened & Inspected D.C. AT WINCHESTER

Hasler
10/27/2015
US POSTAGE
$00.48
FIRST-CLASS MAIL
ZIP 84101
011D11636808

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Civil Action No. 2:24-cv-00105-AMA-DAO |

# Exhibit F



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 22, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Trentadue:

By letter dated October 21, 2015, we advised you that there were approximately 30,129 pages of records potentially responsive to your request.   In your correspondence dated October 27, 2015, you agreed to pay $910.00 for fees associated with your request.

Our previous estimate was based on an average of 250 pages per file section.   Upon further review, we determined we underestimated the number of records, and there are currently 32,580 potentially responsive pages.   Please see the updated fee estimate below.

Please be advised that you are entitled to the first 100 pages free of charge.   If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑    If all potentially responsive pages are released on CD, you will owe $985.00 in duplication fees (66 CDs at $15.00 each, less $5.00 credit for the first CD).   Releases are made on CD unless otherwise requested.   Each CD contains approximately 500 reviewed pages per release.   The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $1,624.00 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐    You submitted your request via the FBI's eFOIA system.   Releases will be made to you electronically, and you will owe _____ in duplication fees (_____ releases at $15.00 each, less $5.00 credit for the first release).

☑    The FBI located approximately 1 DVD consisting of video files that are potentially responsive to the subject of your request.   If all of the potentially responsive media is released, you will owe $15.00 (1 DVD at $15.00 each).

☐    If all potentially responsive pages are processed, you will owe _____ in review fees.   Review fees are assessed at a rate of $10.00 per quarter hour spent reviewing records.

☐    CDs will not be sent to a correctional institution.   You will only qualify for CD releases if an alternate address is provided.

☐    You will owe approximately $___ in international shipping fees.

**The estimated total cost for processing your request is approximately $1,000.00 for CD releases or $1,639.00 for paper releases.**

**Requester Response**

**No payment is required at this time.   However, for all of the records to be processed, you will need to agree to pay the additional fees.   If you do not indicate your willingness to pay for the additional pages, we will only process the pages that you previously agreed to pay for.**

☐   I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐   I am willing to pay duplication of a different amount.

**Please specify amount:**  _____

☐   Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay International shipping fees.

☐   Cancel my request.

**Please submit your response within thirty (30) days.   Include the FOIPA Request Number listed above in any communication regarding this matter**.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U. S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

           v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit G

**Bronson, Rebecca  (RMD) (FBI)**

| | |
|---|---|
| **From:** | Jesse Trentadue [Jesse32@sautah.com] |
| **Sent:** | Friday, April 29, 2016 7:10 PM |
| **To:** | Bronson, Rebecca  (RMD) (FBI); Hardy, David M. (RMD) (FBI) |
| **Subject:** | COST FOIA NO. 1337577-00 |
| **Attachments:** | E-MAIL COST RESPONSE FOLLOW-UP 04292016.pdf |

Attached is my response to Mr. Hardy's letter of April 22, 2016 notifying me that the cost of obtaining the 32,580 pages of documents on CD PLUS 1 DVD video will be approximately $1,000.  I am willing to pay the duplication costs of $1,000 for these materials.

jesse c. trentadue
Suitter Axland, PLLC
8 East Broadway #200
Salt Lake City, UT 84111
Telephone:  801 532 7300
jesse32@sautah.com

"This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful."

# FREEDOM OF INFORMATION ACT REQUEST
## JESSE C. TRENTADUE
### 8 East Broadway, Suite 200
### Salt Lake City, Utah  84111
#### Phone: (801) 278-0114
#### Fax: (801) 532-7355
#### jesse32@sautah.com

April 29, 2016

VIA E-Mail and U.S. Mail
Work Process Unit
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA.  22602

> Re: **Follow-Up**
> *FOIA* Request 1337577-000
> Roger Edwin Moore
> Operation Punchout

Dear Sir/Madam:

   I am again writing in response to the enclosed letter from Section Chief David M. Hardy of April 22, 2016 to me regrading costs associated with my *FOIA* Request, and the manner in which I would like responsive documents produced.  As I stated in my first letter to you today, I am willing to pay the $985.00 in duplication fees referenced by Mr. Hardy for production of the 32,580 pages of potentially responsive records on CDs.

   However, when I sent that letter, I overlooked the fact that there is also 1 DVD, for which I will be charged an additional $15.00.  I am writing to say that I also want a copy of that DVD and that I am willing to pay the additional $15.00.

   **In summary, I would like both the 32,580 pages of documents on CD's, and the DVD; I am willing to pay the $1,000 duplication costs referenced by Mr. Hardy; and I have also enclosed a copy of Mr. Hardy's letter with the appropriate payment response checked.**

   Thank you.

jesse c. trentadue



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

April 22, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Trentadue:

By letter dated October 21, 2015, we advised you that there were approximately 30,129 pages of records potentially responsive to your request. In your correspondence dated October 27, 2015, you agreed to pay $910.00 for fees associated with your request.

Our previous estimate was based on an average of 250 pages per file section. Upon further review, we determined we underestimated the number of records, and there are currently 32,580 potentially responsive pages. Please see the updated fee estimate below.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑ If all potentially responsive pages are released on CD, you will owe $985.00 in duplication fees (66 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $1,624.00 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐ You submitted your request via the FBI's eFOIA system. Releases will be made to you electronically a___ ____ will owe _____ in duplication fees (____ releases at $15.00 each, less $5.00 cre__ __ __he first release).

☑ The FBI located approximately 1 DVD consisting of video files that are potentially responsive to the subject of your request. If all of the potentially responsive media is released, you will owe $15.00 (1 DVD at $15.00 each).

☐ If all potentially responsive pages are processed, you will owe _____ in review fees. Review fees are assessed at a rate of $10.00 per quarter hour spent reviewing records.

☐ CDs will not be sent to a correctional institution. You will only qualify for CD releases if an alternate address is provided.

☐ You will owe approximately $___ in international shipping fees.

The estimated total cost for processing your request is approximately $1,000.00 for CD releases or $1,639.00 for paper releases.

```
┌─────────────────────────────────────────────────────────────────────┐
│                           Requester Response                          │
│                                                                       │
│  No payment is required at this time.   However, for all of the       │
│  records to be processed, you will need to agree to pay the           │
│  additional fees.   If you do not indicate your willingness to pay    │
│  for the additional pages, we will only process the pages that you    │
│  previously agreed to pay for.                                        │
│                                                                       │
│   ☑        I am willing to pay estimated duplication/ international    │
│            shipping fees up to the amount specified in this letter.   │
│                                                                       │
│   ☐        I am willing to pay duplication of a different amount.     │
│                                                                       │
│            Please specify amount:  _____                            │
│                                                                       │
│   ☐        Provide me 100 pages or the cost equivalent ($5.00) free   │
│            of charge.   If applicable, I am willing to pay            │
│            International shipping fees.                                │
│                                                                       │
│   ☐        Cancel my request.                                         │
│                                                                       │
│      Please submit your response within thirty (30) days.   Include   │
│  the FOIPA Request Number listed above in any communication           │
│  regarding this matter.                                               │
└─────────────────────────────────────────────────────────────────────┘
```

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division



FIRST-CLASS MAIL

$00.46

ZIP 84101
011D11636804

Hasler
04/29/2016
US POSTAGE

SALT LAKE CITY
UT 840
02 MAY '16
PM 3 L

**FREEDOM OF INFORMATION ACT REQUEST**

Mr. David M. Hardy
Section Chief
FBI Record Information/Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

22602484370

RECEIVED
MAY 05 2016
Opened & Inspected
RMD Winchester

Jesse C. Trentadue
SUITTER AXLAND PLLC
8 East Broadway
Suite 200
Salt Lake City, Utah 84111

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit H

# FREEDOM OF INFORMATION ACT REQUEST

## JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah 84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

July 28, 2016

E-Mail
Ms. Rebecca Bronson
FBI Record Information/Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

Re: *FOIA* Request 1337577-000
Roger E. Moore

Dear Ms. Bronson:

I am writing to inquire as to the status of my *FOIPA* Request No. 1337577-000. On April 29, 2016, I wrote to Mr. Hardy agreeing to pay the $1,000 in duplication costs to receive the 32,580 pages of documents responsive to that request on CD's plus a DVD containing video files. Could you please advise me as to the status of that request? I would also renew my for request partial release on a monthly basis as documents are processed and approved for release, rather than holding and not releasing any documents to me until after the review of all 32,580 pages of documents is completed.

Thank you.

jesse c. trentadue

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

           v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit I

# FREEDOM OF INFORMATION ACT REQUEST

## JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah  84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
<u>jesse32@sautah.com</u>

September 6, 2016

VIA E-Mail and U.S. Mail
Mr. David M. Hardy
Section Chief
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA.  22602

Re: *FOIA* Request 1337577-000
MOORE, ROGER EDWIN
Documents Related to Timothy McVeigh
(Operation Punchout)

Dear Mr. Hardy:

I am again writing to follow-up on the above captioned FOIA request.  Sometime back, I agreed to pay the  $1,000 estimated costs associated with the above captioned FOIA request.  I also agreed to the FBI processing this request under its *Interim Release Policy* whereby responsive documents are released on a CD in 500 page segments as processing is completed. However, I have yet to receive a single CD.  Furthermore, since part of the responsive materials included a DVD containing video files, is there any reason that DVD immediately sent to me?

Thank you.

jesse c. trentadue

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE, | |
| Plaintiff, | |
| v. | Civil Action No. 2:24-cv-00105-AMA-DAO |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

# Exhibit J



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 19, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1337577-000
Subject: MOORE, ROGER EDWIN
(OPERATION PUNCHOUT)

Dear Mr. TRENTADUE:

The purpose of this letter is to advise you of the status of your pending Freedom of Information Act (FOIA) request at the Federal Bureau of Investigation (FBI).   Currently, your request is in the "perfected backlog", where your request is waiting assignment to an analyst.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a smaller processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.

Please advise in writing if you would like to discuss reducing the scope of your request.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions, or to check the status of your request, visit the www.fbi.gov/foia website. The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

             v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit

## FREEDOM OF INFORMATION ACT REQUEST

**JESSE C. TRENTADUE**
**8 East Broadway, Suite 200**
**Salt Lake City, Utah  84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

October 14, 2016

Via E-Mail and U.S. Mail
Mr. David M. Hardy
Section Chief
Record/Information
Dissemination Section
Record Management Division
170 Marcel Drive
Winchester, VA 22602-4843

Re: *FOIA* Request No. 1337577-000
MOORE, ROGER EDWIN
(Operation Punchout)

Dear Mr. Hardy:

I am writing in response to your September 19, 2016 letter concerning the above FOIA Request.  My purpose in writing is to advise you that I do NOT wish to reduce the scope of that request.  I am also writing to ask for  partial releases of documents on a monthly basis as documents are processed and approved for release, rather than holding and not releasing any documents to me until after the review of all potentially responsive documents is completed.

Thank you.

jesse c. trentadue

SUITTER AXLAND PLLC
8 East Broadway
Suite 200
Salt Lake City, Utah 84111

226602-464370

**FREEDOM OF INFO**

Mr. David M. Hardy
Section Chief
FBI Record Information
Records Management D
170 Marcel Drive
Winchester, VA 22602-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

     Plaintiff,

               v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit L



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 22, 2018

Mr. Jesse C. Trentadue
Suite 200
8 East Broadway
Salt Lake City, UT 84111

FOIPA Request No.: 1337577-000
Subject: Moore, Roger Edwin
(Operation Punchout)

Dear Mr. Trentadue:

Reference is made to your Freedom of Information Act (FOIA) request for FBI records concerning Roger Edwin Moore (Operation Punchout).   This letter will serve to document your email exchange with my representative on August 21, 2018.

My representative explained that your request was currently in the extra-large track of our multi-track backlog of unassigned FOIA requests.   This track contains requests for records in excess of 950 pages and assignments from this queue to our FOIA Processing Units are typically delayed for a significant amount of time.   My representative indicated that the FBI located approximately 30,129 pages related to your subject and you were offered the opportunity to reduce the scope of your request to accelerate its assignment for processing.   You indicated that you would like all responsive files processed at this time. Also you advised that you were willing to wait to have the files processed.   Your request will remain in the extra-large track backlog until its assignment to our FOIA Processing Units.

Your request will be processed as interim releases of approximately 500 pages per CD, and by letter dated April 29, 2016, you agreed to pay all fees associated with your request. We certainly appreciate your consideration in this matter and solicit your continued patience.

If you have further questions, please do not hesitate to contact my representative at 540-868-4894. You may also submit questions via the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

           v.                    Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# Exhibit M

**FOIPAQUESTIONS**

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Tuesday, February 6, 2024 12:49 PM |
| **To:** | Jesse32@sautah.com |
| **Subject:** | PUNCHOUT FOIA REQUEST |

Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request.   A review of your request has determined the following:

The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a.

You may check the status of your request online at http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request' link.  Online status reports are updated weekly.

Your request is currently in the complex request extra-large processing track. If your request is considered a complex track, considering reducing the scope of your request may accelerate the process as it could potentially place your request in a quicker processing track.  This may also reduce any search and duplication costs, if applicable, and allow for a more timely receipt of your information.  If you wish to discuss reducing the scope of your request, please indicate so and a representative will be in contact.

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA  22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps    Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

**From:** Jesse Trentadue <Jesse32@sautah.com>
**Sent:** Sunday, January 21, 2024 4:11 PM
**To:** Wyer, Kathryn (CIV) <Kathryn.Wyer@usdoj.gov>
**Subject:** [EXTERNAL] PUNCHOUT FOIA REQUEST

Ms. Wyer:

I am writing in hopes of avoiding another FOIA lawsuit against your client, the FBI. This potential suit involves a September 26, 2015,  FOIA Request that I submitted to the FBI for documents related to Roger Edwin Moore's involvement in an FBI sting operation known as "Punch Out."  A copy of that FOIA request is attached.

On April 23, 2016, I was informed by the FBI that there were 32, 580 pages and 1 DVD of responsive records.  I was also asked by the FBI if I would agree to be responsible for approximately $1,000 in production costs to receive these records. A copy of that request is also attached.

I immediately wrote to the FBI agreeing to pay production costs in an amount up to $1000.  That response is attached, too.

In February of 2016, I was asked by the FBI to reduce the scope of my FOIA Request, which I refused to do.  That request and my response is likewise attached.

Since then, I have repeatedly contacted your client to ask when I would be receiving the documents and DVD?  I even demanded to be placed on the FBI's expedited *Interim Release Program* whereby responsive documents are released on a CD in 500-page increments/segments as processing is completed. I did not receive a response from your client to those requests.

It has now been over 8-1/2 years since I submitted my FOIA Request and I have received nothing from your client.  I would, therefore, appreciate it if you would follow up and ask the FBI  to immediately produce the documents. Otherwise, I will be forced to commence lawsuit to obtain them, and that I would rather not have to do.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

        v.                   Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# Exhibit N

**Early, Holly H. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Jesse Trentadue [Jesse32@sautah.com] |
| **Sent:** | Friday, July 29, 2016 12:06 PM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA RELATED TO Timothy James McVeigh and Richard Lee Guthrie, Jr. with respect to FBI Major Case No. 124. |
| **Attachments:** | BOMBROB FOIA.pdf; McVEIGH DEATH CERTIFICATE.pdf; GUTHERIE DEATH CERTIFICATE.pdf |

Dear Sir/Madam:

Attached is y FOIPA Request for records related to Timothy James McVeigh and Richard Lee Guthrie, Jr. with respect to FBI Major Case No. 124.

jesse c. trentadue
Suitter Axland, PLLC
8 East Broadway #200
Salt Lake City, UT 84111
Telephone: 801 532 7300
jesse32@sautah.com


"This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful."

# FREEDOM OF INFORMATION ACT REQUEST

## JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah 84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

July 29, 2016

*Via E-mail*
Federal Bureau of Investigation
FBI Record Information/Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

       Re: *FOIA* Request
           Richard Lee Guthrie, Jr.
           DOB: February 25, 1958
           DOD: July 12, 1996

           Timothy James McVeigh
           DOB: April 23, 1968
           SSN: 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
           DOD: June 11, 2001

Dear Sir/Madam:

During the early 1990s the FBI investigated a group of bank robbers who went by the name of or were otherwise known as the "Aryan Republican Army", "ARA", "Mid-west Bank Robbers" and/or "Mid-west Bank Bandits." The FBI referred to this investigation as "BOMBROB" and designated it as "Major Case No. 124."

Pursuant to the *Freedom of Information Act,* 5 U.S.C. §§ 552 *et seq.*, I am requesting FBI documents/records on Timothy James McVeigh and Richard Lee Guthrie,

FOIA Request
July 29, 2016

Jr. for the years 1993, 1994, and 1995.[1]  Specifically, I am requesting the following documents/records on Guthrie and McVeigh from BOMBROB and/or FBI Major Case No. 124:

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Timothy James McVeigh.**

- **All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern contacts Timothy James McVeigh had with Richard Lee Guthrie, Jr., the Aryan Republican Army, the ARA, Mid-West Bank Bandits and/or the Mid-west Bank Robbers.**

Guthrie and McVeigh are deceased.  Copies of their *Death Certificates* are enclosed. Because they are deceased, there are no applicable privacy exemptions to the disclosure and production of these records to me.[2]

<u>**SEARCH REQUESTED**</u>

The Records Management Division is under a duty to conduct a "reasonable search" for records responsive to my request using methods that can be reasonably expected to produce responsive records if they exist.[3]  The Records Management Division, however, typically does a perfunctory search for documents/records responsive to a FOIA request that consists solely of a search of the FBI's Central Records System

---

[1]  As used in this request, the term "documents/records" means written, printed, typed, graphic or photographic matter of any kind or nature, however, produced or reproduced, and all mechanical magnetic, electromagnetic and electronic photographs, video recordings, sound recordings or written transcripts thereof, however, produced or reproduced. Also included within the term "documents/records" is electronically stored information–such as writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation by the FBI into a reasonably useable form.

[2]  *See McDonnell v. U.S.*, 4 F.3d 1227, 1257 (3rd Cir. 1993)("Persons who are deceased have no privacy interest in nondisclosure of their identities").

[3]  *See* 5 U.S.C. §552(a)(3)(c).  *See also Zemansky v. United States EPA*, 767 F.2d 569, 571 (9th Cir. 1985).

FOIA Request
July 29, 2016

using the Universal Index.  By law, this search is inadequate because not all FBI records
are contained in the Central Records System, because no text-based search can be done of
the Central Records System, and because the Universal Index by which a search of the
Central Record System is conducted is highly subjective and inaccurate.[4]

I am requesting, therefore, that in addition to a search of the FBI's Central
Records System, that the Records Management Division conduct the following additional
searches for the document/records that I have requested:

- Appropriate text-based searches of the FBI's "Electronic Case
  File" which, at a minimum, should include: (1) a search using
  McVeigh's name and the terms "BOMBROB," "Major Case No.
  124," "Aryan Republican Army," "ARA," "Mid-west Bank
  Bandits" and "Mid-west Bank Robbers"; and (2) a search using
  Guthrie's name and the same terms.

- A search of the I-Drives and S-Drives at FBI Headquarters as
  well as searches of the I-Drives and S-Drives at the Oklahoma
  City, Omaha, Kansas City and Cincinnati FBI Field Offices.

- A search of the FBI's "ELSUR" data base.

- A manual search of the Indices of those restricted documents that
  are not uploaded into the FBI's Central Records System or the
  Electronic Case File.[5]

Finally, would you please confirm your receipt of this request.  My e-mail address
is: jesse32@sautah.com   I also agree to pay the statutorily imposed fees associated with
this request.

Thank you.

jesse c. trentadue

---

[4]  *See Campbell v. Department of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1988)(FBI did not
conduct an adequate search for records when it confined its search to the "Central Record System
(CRS) index", which is not capable of locating all documents responsive to a FOIA request).

[5]  In *Campbell*, the FBI acknowledged that if requested it is required to do these additional
searches. *See Campbell*, 164 F.3d at 27.

Death certificate of Timothy J. McVeigh                                    Page 1 of 1

# Death Certificate of Timothy J. McVeigh

**McVeigh Trial Homepage**

FORM VS NO. 1-A
rev. 11/91)

COMMONWEALTH OF KENTUCKY
DEPARTMENT FOR HEALTH SERVICES
REGISTRAR OF VITAL STATISTICS

116 _____
FILE NO

CERTIFICATE OF DEATH

Register's No. _____

MUST
BE
TYPED

| 1. DECEDENT'S NAME (First, Middle, Last) | 2. SEX | 3. DATE OF DEATH (Month, Day, Year) |
|---|---|---|
| Richard Lee Guthrie Jr. | Male | July 12, 1996 |

**DECEDENT**

| 4. SOCIAL SECURITY NO | 5a. AGE Last Birthday (Years) | 5b. UNDER 1 YEAR (Months) | | 5c. UNDER 1 DAY (Hours) (Minutes) | 6. DATE OF BIRTH (Month, Day, Year) | 7. BIRTHPLACE (City/State or Foreign Country) |
|---|---|---|---|---|---|---|
| ▇▇▇ | 37 | | | | Feb. 25, 1958 | Washington, D.C. |

| 8. WAS DECEDENT EVER IN U.S. ARMED FORCES? (Yes or No) | 9a. PLACE OF DEATH (Check only one) |
|---|---|
| yes | HOSPITAL ☐ Inpatient  ☐ ER/Outpatient  ☒ DOA    OTHER ☐ Nursing Home  ☐ Residence  ☐ Other (Specify) |

| 9b. FACILITY NAME (If not institution, give street and number) | 9c. CITY, TOWN, OR LOCATION OF DEATH | 9d. COUNTY OF DEATH |
|---|---|---|
| St. Elizabeth Edgewood | Edgewood | Kenton |

| 10. MARITAL STATUS (Married, Never Married, Widowed, Divorced (Specify) | 11. SURVIVING SPOUSE (If wife, give maiden name) | 12a. DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life. Do Not use retired) | 12b. KIND OF BUSINESS/INDUSTRY |
|---|---|---|---|
| Never Married | | Carpenter | Construction |

| 13a. RESIDENCE - State | 13b. COUNTY | 13c. CITY, TOWN OR LOCATION | 14. STREET AND NUMBER |
|---|---|---|---|
| MD | Ocean | Ocean City | 14 38th St. #201 |

| 13d. INSIDE CITY LIMITS? (Yes or No) | 13f. ZIP CODE | 14. WAS DECEDENT OF HISPANIC ORIGIN? (Specify No or Yes - If yes, specify Cuban, Mexican, Puerto Rican, etc.) | 15. RACE - American Indian, Black, White, etc. (Specify) | 16. DECEDENT'S EDUCATION (Specify only highest grade completed) Elem/Secondary (0-12)  College (1-4 or 5+) |
|---|---|---|---|---|
| yes | 21842 | ☒ No  ☐ Yes | White | 12 |

**PARENTS**

| 17. FATHER'S NAME (First, Middle, Last) | 18. MOTHER'S NAME (First, Middle, Maiden Surname) |
|---|---|
| ▇▇▇ | ▇▇▇ |

**INFORMANT**

| 19a. INFORMANT'S NAME | 19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) |
|---|---|
| ▇▇▇ | ▇▇▇ |

**DISPOSITION**

| 20a. METHOD OF DISPOSITION | 20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | 20c. LOCATION - (City, Town or State) |
|---|---|---|
| ☒ Burial  ☐ Cremation  ☐ Removal from State  ☐ Donation  ☐ Other (Specify) | Gate of Heaven | Silver Spring, MD |

| 21a. SIGNATURE OF FUNERAL SERVICE LICENSEE (Or person acting as such) | 22. NAME AND ADDRESS OF FACILITY |
|---|---|
| Gerald F. Bowles | Hawthorne-Bowles Funeral Home 7830 Hamilton Ave., Cincinnati, OH 45231 |

**CERTIFIER**

| 23a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated Signature and Title ____ MD DEPUTY CORONER (MUST USE BLACK INK) | 23b. DATE SIGNED (Month, Day, Year) 8-14-96 |
|---|---|

| 24. NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (ITEM 28) |
|---|
| 401 E 20th ST CoV KY 41014 |

| 25. TIME OF DEATH | 26. DATE PRONOUNCED DEAD (Month, Day, Year) | 27. WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? (Yes or No) |
|---|---|---|
| 6:40 P | 7-12-96 | YES |

**CAUSE OF DEATH**

28. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line.

| | | Approximate interval between onset and death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. ASPHYXIA  DUE TO (OR AS A CONSEQUENCE OF): | |
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST | b. HANGING  DUE TO (OR AS A CONSEQUENCE OF): | |
| | c. _____  DUE TO (OR AS A CONSEQUENCE OF): | |
| | d. _____ | |

| PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 28a. WAS AUTOPSY PERFORMED? (Yes or No) YES | 28b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH (Yes or No) YES |
|---|---|---|

| 29. MANNER OF DEATH | 30a. DATE OF INJURY (Month, Day, Year) | 30b. TIME OF INJURY | 30c. INJURY AT WORK? (Yes or No) | 30d. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|---|
| ☐ Natural  ☐ Pending Investigation  ☐ Accident  ☒ Suicide  ☐ Could not be determined  ☐ Homicide | | M | | |
| | 30e. PLACE OF INJURY - At home, farm, street, factory, office building, etc. (Specify) | | 30f. LOCATION (Street and number or Rural Route Number, City or Town) | |

**REGISTRAR**

| 31. REGISTRAR'S SIGNATURE | 32. DATE FILED (Month, Day, Year) |
|---|---|
| | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

              v.                  Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# Exhibit O



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 9, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1355313-000
Subject: BOMBROB/FBI Major Case 124
Documents Related to Timothy McVeigh and
Richard Lee Guthrie, Jr. (1993-1995)

Dear Mr. Trentadue:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑ We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

     Plaintiff,

                v.                    Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.


# Exhibit P



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 31, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1355313-000
Subject: BOMBROB/FBI Major Case 124
Documents Related to Timothy McVeigh and
Richard Lee Guthrie, Jr (1993-1995)

Dear Mr. TRENTADUE:

This is in reference to your Freedom of Information Act (FOIA) request.

By letter dated July 29, 2016, you indicated your willingness to pay $0.00 in FOIA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 36, 795 pages of records potentially responsive to the subject of your request.   By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Please be advised that you are entitled to the first 100 pages free of charge.   If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑    If all potentially responsive pages are released on CD, you will owe $1,105.00 in duplication fees (74 CDs at $15.00 each, less $5.00 credit for the first CD).   Releases are made on CD unless otherwise requested.  Each CD contains approximately 500 reviewed pages per release.   The 500 page estimate is based on our business practice of processing complex cases in segments.

   Should you request that the release be made in paper, you will owe $1,834.75 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐    You submitted your request via the FBI's eFOIA system.   Releases will be made to you electronically, and you will owe _____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☑    The FBI's eFOIA system cannot transmit digital media files, and they will need to be released on CD.   The FBI located audio and video files that are potentially responsive to the subject of your request.   If all of the potentially-responsive media is released, you will owe $30.00 (2 CDs at $15.00 each).

☐    CDs will not be sent to a correctional institution.   You will only qualify for CD releases if an alternate address is provided.

☐    You will owe approximately $___ in international shipping fees.

**The estimated total cost for processing your request is approximately $1, 135.00 for CD releases or $1, 834.75 for paper releases.**

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s).   Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

Records responsive to your request are currently being processed.   In order to avoid charging duplication fees unnecessarily, we have made these records available in the FBI's FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov.   On the right-hand side of the home page, under the heading "Vault Links" you can search for your subject alphabetically (click on "A-Z Index"), by category (click on "Categories"), or by entering text into our search engine (click on "Search Vault").    For records responsive to this request, please enter BOMBROB as the search term.

The available documents represent interim release of information responsive to your Freedom of Information Act (FOIA) request.   You will be notified when additional releases are available.

---

**Requester Response**

**No payment is required at this time. You must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) unless your request qualifies for eFOIA releases. You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:**

☐    I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐    I am willing to pay fees of a different amount.

**Please specify amount:  _____**

☐    Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay International shipping fees.

☐    Cancel my request.

**If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed.   Include the FOIPA Request Number listed above in any communication regarding this matter**.

---

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.

For your reference, the FBI uses a multi-queue processing system to fairly assign and process new requests. The placement of a request in a queue depends on the total number of pages potentially responsive to that request – 50 pages or less (small queue), 51 pages to 950 pages (medium queue), 951 pages to 8,000 pages (large queue), and 8,001+ pages (extra large queue). The current median processing times for requests are:

- Small queue — 195 days (6+ months)
- Medium queue— 307 days (10+ months)
- Large queue — 418 days (1+ year)
- Extra large queue – 3+ years

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

      Plaintiff,

              v.                          Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

# Exhibit



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 31, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1355313-000
Subject: BOMBROB/FBI Major Case 124
Documents Related to Timothy McVeigh and
Richard Lee Guthrie, Jr (1993-1995)

Dear Mr. TRENTADUE:

Please be advised that we have determined "unusual circumstances" apply to the processing of your request.  See 5 U.S.C. § 552 (a)(6)(B)(iii).  "Unusual circumstances" include one or more of the following scenarios:

There is a need to search for and collect records from field offices and/or other offices that are separate from the FBI Record/Information Dissemination Section (RIDS).

There is a need to search for, collect, and examine a voluminous amount of separate and distinct records.

There is a need for consultation with another agency or two or more DOJ components.

These "unusual circumstances" will delay our ability to make a determination on your request. Additionally, the payment of pertinent fees may apply to your request.  See 5 U.S.C. § 552 (a)(4)(A)(viii).

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

     Plaintiff,

         v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit R

# FREEDOM OF INFORMATION ACT REQUEST

### JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah 84111**
Phone: (801) 278-0114
Fax: (801) 532-7385
jesse32@snutnh.com

September 6, 2016

VIA E-Mail and U.S. Mail
Mr. David M. Hardy
Section Chief
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA. 22602

       Re: *FOIA* Request 1355313-00
       BOMBROB/FBI Major Case 124
       Documents Related to Timothy McVeigh
       Richard Lee Guthrie, Jr. (1993-1995)

Dear Mr. Hardy:

    I am writing in response to your August 31, 2016 letter to me regarding the estimated $1,135.00 cost of processing the above request under the FBI's *Interim Release Policy* whereby responsive documents are released on a CD in 500 page segments as processing is completed. I agree to this policy, and look forward to receiving the responsive documents in 500 page segments on a CD. I also agree to pay the duplication and shipping fee of $1,135.00 that you quoted to me, and have also included a signed copy of the "Requester Response" form that you sent to me.

    In closing, I note that part of the responsive materials include 2 CD's worth of digital medial files. Is there any reason that this material cannot be immediately sent to me?

    Thank you.

Jesse C. Trentadue



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

August 31, 2016

MR. JESSE C. TRENTADUE
SUITE 200
8 EAST BROADWAY
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1355313-000
Subject: BOMBROB/FBI Major Case 124
Documents Related to Timothy McVeigh and
Richard Lee Guthrie, Jr (1993-1995)

Dear Mr. TRENTADUE:

This is in reference to your Freedom of Information Act (FOIA) request.

By letter dated July 29, 2016, you indicated your willingness to pay $0.00 in FOIA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 36, 795 pages of records potentially responsive to the subject of your request.   By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Please be advised that you are entitled to the first 100 pages free of charge.   If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑   If all potentially responsive pages are released on CD, you will owe $1,105.00 in duplication fees (74 CDs at $15.00 each, less $5.00 credit for the first CD).   Releases are made on CD unless otherwise requested.   Each CD contains approximately 500 reviewed pages per release.   The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $1,834.75 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐   You submitted your request via the FBI's eFOIA system.   Releases will be made to you electronically, and you will owe _____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☑   The FBI's eFOIA system cannot transmit digital media files, and they will need to be released on CD.   The FBI located audio and video files that are potentially responsive to the subject of your request.   If all of the potentially-responsive media is released, you will owe $30.00 (2 CDs at $15.00 each).

☐   CDs will not be sent to a correctional institution.   You will only qualify for CD releases if an alternate address is provided.

☐   You will owe approximately $___ in international shipping fees.

The estimated total cost for processing your request is approximately $1, 135.00 for CD releases or $1, 834.75 for paper releases.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s).   Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

Records responsive to your request are currently being processed.   In order to avoid charging duplication fees unnecessarily, we have made these records available in the FBI's FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov.   On the right-hand side of the home page, under the heading "Vault Links" you can search for your subject alphabetically (click on "A-Z Index"), by category (click on "Categories"), or by entering text into our search engine (click on "Search Vault").   For records responsive to this request, please enter BOMBROB as the search term.

The available documents represent interim release of information responsive to your Freedom of Information Act (FOIA) request.   You will be notified when additional releases are available.

---

**Requester Response**

No payment is required at this time. You must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) unless your request qualifies for eFOIA releases. You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:

[X]   I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

[ ]   I am willing to pay fees of a different amount.

    **Please specify amount:** _____

[ ]   Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay international shipping fees.

[ ]   Cancel my request.

If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this letter, your request will be closed.   Include the FOIPA Request Number listed above in any communication regarding this matter.

---

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.

For your reference, the FBI uses a multi-queue processing system to fairly assign and process new requests. The placement of a request in a queue depends on the total number of pages potentially responsive to that request – 50 pages or less (small queue), 51 pages to 950 pages (medium queue), 951 pages to 8,000 pages (large queue), and 8,001+ pages (extra large queue). The current median processing times for requests are:

* Small queue — 195 days (6+ months)
* Medium queue — 307 days (10+ months)
* Large queue — 416 days (1+ year)
* Extra large queue = 3+ years

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

      Plaintiff,

                v.                 Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.


# Exhibit S



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 5, 2017

MR. JESSE C. TRENTADUE
SUITTER AXLAND, PLLC
8 EAST BROADWAY # 200
SALT LAKE CITY, UT 84111

FOIPA Request No.: 1353313-000
Subject: BOMBROB/Major Case 124
Documents Related to Timothy McVeigh and
Richard Lee Guthrie, Jr. (1993-1995)

Dear Mr. Trentadue:

This is in reference to your Freedom of Information Act (FOIA) request.

By letter dated September 6, 2016, you indicated your willingness to pay for 36,795 pages of documents as well as 2 CDs of digital media associated with the subject of your request. At the time of this communication, you were notified of the potential wait time for processing these documents; however, you declined to reduce the scope of your request. Attempts were made to contact you for negotiation on March 9, 2017, March 13, 2017, and March 17, 2017; however, my office was not able to speak with you.

As you were previously informed, releases are made on Compact Disc (CD). Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments. DOJ regulations provide 100 pages or the cost equivalent ($5.00) free of charge. If all potentially responsive pages are released, you will owe $1,135.00 in duplication fees to receive the release on CD (76 CDs at $15.00 each less $5.00 credit).

Since estimated fees will exceed $250, an advance payment of 50% of total estimated costs ($567.50.00) will be required prior to further processing of your request.

---

**Requester Response**

You must notify us in writing within thirty (30) days from the date of this letter of your decision and the scope of your request. You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:

_____      I am willing to pay estimated duplication fees up to the amount specified in this letter (50% of payment is required with this letter).

_____      I am willing to pay duplication fees of a different amount.
                Please specify amount: _____

_____      Provide me 100 pages or the cost equivalent ($5.00) free of charge.

_____      Cancel my request.

**If we do not receive your duplication decision, payment, and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed.** Include the FOIPA Request Number listed above in any communication regarding this matter.

---

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a smaller processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit T

## Early, Holly H. (RMD) (FBI)

| | |
|---|---|
| **From:** | Jesse Trentadue <Jesse32@sautah.com> |
| **Sent:** | Wednesday, April 12, 2017 1:12 PM |
| **To:** | Hardy, David M. (RMD) (FBI) |
| **Cc:** | Early, Holly H. (RMD) (FBI) |
| **Subject:** | FOIA REQUEST 1344313-000 RESPONSE TO LETTER OF 040517 |
| **Attachments:** | COST RESPONSE 041117.pdf; COST ADVANCE CHECK.pdf |

Dear Mr. Hardy:

Attached in my response to your letter of April 5, 2017.  A hard copy will follow by U.S. Mail.

Thank you.

jesse c. trentadue
Suitter Axland, PLLC
8 East Broadway #200
Salt Lake City, UT 84111
Telephone:  801 532 7300
jesse32@sautah.com

"This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful."

1

## FREEDOM OF INFORMATION ACT REQUEST

### JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah 84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

April 12, 2017

VIA E-Mail and U.S. Mail
Mr. David M. Hardy
Section Chief
Work Process Unit
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA. 22602

Re: *FOIA* Request 1355313-00
BOMBROB/FBI Major Case 124
Documents Related to Timothy McVeigh
Richard Lee Guthrie, Jr. (1993-1995)

Dear Mr. Hardy:

I am writing in response to your April 5, 2017 letter asking me whether I was willing to pay the $1,135.00 in estimated duplication fees in order to have the above reference FOIA request processed under the FBI's expedited *Interim Release Policy*? The answer is: Yes. Enclosed is my personal check in the amount of $567.50, which is 50% of the estimated cost of processing my FOIA request under the expedited *Interim Release Policy* whereby responsive documents are released on a CD in 500 page increments/segments as processing is completed.

Again, pursuant to FBI's *Interim Release Policy* I would like to receive the responsive documents in incremental releases of 500 pages. **Furthermore, I note that part of the responsive materials include 2 CD's worth of digital media files. Is there any reason that these 2 CD's cannot be immediately sent to me?**

Finally, you indicate in your letter that someone from your office repeatedly attempted to call me to see if I was interested in narrowing the scope my request, but that they were unable to reach me, which is odd. Whoever made those calls did not leave a message. Besides, I had earlier refused a request from your office to reduce the scope of my request, which was for the following documents/records from the FBI's investigation of Major Case No. 124 and/or "BOMBROB":

David M. Hardy
Cost Response
April 12, 2017

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Timothy James McVeigh.

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern contacts Timothy James McVeigh had with Richard Lee Guthrie, Jr., the Aryan Republican Army, the ARA, Mid-West Bank Bandits and/or the Mid-west Bank Robbers.

**Simply stated, I do not wish to narrow the scope of my original July 29, 2016 *FOIA* request, and do look forward to receiving in the near future my first CD of documents/records in accordance with the FBI's expedited *Interim Release Policy*.**

Furthermore I wish to remind you that, as used in my original request, the term "documents/records" means written, printed, typed, graphic or photographic matter of any kind or nature, however, produced or reproduced, and all mechanical magnetic, electromagnetic and electronic photographs, video recordings, sound recordings or written transcripts thereof, however, produced or reproduced. Also included within the term "documents/records" is electronically stored information–such as writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation by the FBI into a reasonably useable form.

Thank you.

jesse c. trentadue

**JESSE C. TRENTADUE**    03-05
4424 S. ADONIS DRIVE
HOLLADAY, UT 84124
801-278-0114

500

31-73/1240
56

4/12/17

Date

Pay to the
Order of  Federal Bureau of Investigation  $ 567 ⁵⁰/₀₀

Five hundred sixty-seven & 50/100 _____ Dollars

KeyBank National Association
Salt Lake City, Utah 84130
1-800-KEY2YOU® Key.com®

For FOIA 1355313-000

FRCP 5.2

# FREEDOM OF INFORMATION ACT REQUEST

### JESSE C. TRENTADUE
**8 East Broadway, Suite 200**
**Salt Lake City, Utah 84111**
Phone: (801) 278-0114
Fax: (801) 532-7355
jesse32@sautah.com

April 12, 2017

VIA E-Mail and U.S. Mail
Mr. David M. Hardy
Section Chief
Work Process Unit
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA. 22602

Re: *FOIA* Request 1355313-00
BOMBROB/FBI Major Case 124
Documents Related to Timothy McVeigh
Richard Lee Guthrie, Jr. (1993-1995)

Dear Mr. Hardy:

I am writing in response to your April 5, 2017 letter asking me whether I was willing to pay the $1,135.00 in estimated duplication fees in order to have the above reference FOIA request processed under the FBI's expedited *Interim Release Policy*? The answer is: Yes. Enclosed is my personal check in the amount of $567.50, which is 50% of the estimated cost of processing my FOIA request under the expedited *Interim Release Policy* whereby responsive documents are released on a CD in 500 page increments/segments as processing is completed.

Again, pursuant to FBI's *Interim Release Policy* I would like to receive the responsive documents in incremental releases of 500 pages. **Furthermore, I note that part of the responsive materials include 2 CD's worth of digital media files. Is there any reason that these 2 CD's cannot be immediately sent to me?**

Finally, you indicate in your letter that someone from your office repeatedly attempted to call me to see if I was interested in narrowing the scope my request, but that they were unable to reach me, which is odd. Whoever made those calls did not leave a message. Besides, I had earlier refused a request from your office to reduce the scope of my request, which was for the following documents/records from the FBI's investigation of Major Case No. 124 and/or "BOMBROB":

David M. Hardy
Cost Response
April 12, 2017

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern Timothy James McVeigh.

- All documents/records that, directly or indirectly, show, report, record, memorialize, discuss, evidence or concern contacts Timothy James McVeigh had with Richard Lee Guthrie, Jr., the Aryan Republican Army, the ARA, Mid-West Bank Bandits and/or the Mid-west Bank Robbers.

**Simply stated, I do not wish to narrow the scope of my original July 29, 2016 *FOIA* request, and do look forward to receiving in the near future  my first CD of documents/records in accordance with  the FBI's expedited  *Interim Release Policy*.**

Furthermore I wish to remind you that, as used in my original  request, the term "documents/records" means written, printed, typed, graphic or photographic matter of any kind or nature, however, produced or reproduced, and all mechanical magnetic, electromagnetic and electronic photographs, video recordings, sound recordings or written transcripts thereof, however, produced or reproduced. Also included within the term "documents/records" is electronically stored information–such as writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation  by the FBI into a reasonably useable form.

Thank you.

Jesse c. trentadue

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

         v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit U



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 22, 2018

Mr. Jesse C. Trentadue
Suite 200
8 East Broadway
Salt Lake City, UT 84111

      FOIPA Request No.: 1355313-000
      Subject: BOMBROB/FBI Major Case 124
      Documents Related to Timothy McVeigh and
      Richard Lee Guthrie, Jr (1993-1995)

Dear Mr. Trentadue:

      Reference is made to your Freedom of Information Act (FOIA) request for FBI records concerning Documents Related to Timothy McVeigh and Richard Lee Guthrie, Jr.   This letter will serve to document your email exchange with my representative on August 21, 2018.

      My representative explained that your request was currently in the extra-large track of our multi-track backlog of unassigned FOIA requests.   This track contains requests for records in excess of 950 pages and assignments from this queue to our FOIA Processing Units are typically delayed for a significant amount of time.   My representative indicated that the FBI located approximately 36,795 pages related to your subject and you were offered the opportunity to reduce the scope of your request to accelerate its assignment for processing.   You indicated that you would like all responsive files processed at this time. Also you advised that you were willing to wait to have the files processed.   Your request will remain in the extra-large track backlog until its assignment to our FOIA Processing Units.

      Your request will be processed as interim releases of approximately 500 pages per CD, and by letter dated April 12, 2017, you agreed to pay all fees associated with your request. We certainly appreciate your consideration in this matter and solicit your continued patience.

      If you have further questions, please do not hesitate to contact my representative at 540-868-4894. You may also submit questions via the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

    Plaintiff,

             v.                      Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# Exhibit V



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 25, 2024

Mr. Jesse C. Trentadue
Suite 200
8 East Broadway
Salt Lake City, UT 84111

*Trentadue v. FBI*
Civil Action No.: 24-cv-105
Subject: Moore, Roger Edwin (Operation Punchout) and BOMBROB/FBI Major Case 124 Documents Related to Timothy McVeigh and Richard Lee Guthrie, Jr (1993-1995)

Dear Mr. Trentadue:

This is in response to your Freedom of Information Act (FOIA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Records responsive to your request are available in the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov. On the right-hand side of the home page, under the heading "Vault Links" you can search for your subject alphabetically (click on "A-Z Index"), by category (click on "Categories"), or by entering text into our search engine (click on "Search Vault").   For records responsive to this request, please enter "BOMBROB" and "Roger Edwin Moore" as the search terms.

The available documents represent a final Vault posting of information responsive to your FOIA request.

Please see the selected paragraphs below for relevant information specific to your request.

☑    Additional records potentially responsive to your subject may exist. Please inform us by emailing foipaquestions@fbi.gov or replying through standard mail if you would like the FBI to conduct a search of the indices to our Central Records System.

☐    Additional records responsive to your request were processed but are not currently available on The Vault. Please inform us by emailing foipaquestions@fbi.gov or replying through standard mail if you would like to receive these records.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

Please be advised that if you are seeking a new search for records, you may wish to narrow the scope of your request based on material that you have already received, e.g., timeframe or locality. Additionally, be advised that "unusual circumstances" may apply. See 5 U.S.C. § 552 (a)(6)(B)(iii). These "unusual circumstances" will delay our ability to make a determination on your request within 20 days. See 5 U.S.C. § 552 (a)(6)(B). Additionally, the payment of pertinent fees may apply to your request. See 5 U.S.C. § 552 (a)(4)(A)(viii). The application of "unusual circumstances" is not a determination of how the FBI will respond to your substantive request.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

    a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
    b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

      Plaintiff,

          v.                         Civil Action No. 2:24-cv-00105-AMA-DAO

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

# Exhibit



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 15, 2024

MR. JESSE C. TRENTADUE
SUITE 200 8 EAST BROADWAY
SALT LAKE CITY, UT 84111

*Trentadue v. FBI*
Civil Action No.: 24-cv-105
Subject: Moore, Roger Edwin (Operation Punchout) and BOMBROB/FBI Major Case 124 Documents Related to Timothy McVeigh and Richard Lee Guthrie, Jr (1993-1995)

Dear Mr. Trentadue:

This is in response to the Freedom of Information Act (FOIA) request listed above. Below you will find information relevant to the payment you made previously. Please read each item carefully.

Please be advised that we received your advanced payment dated April 12, 2017, in the amount of $567.50. Upon review, the FBI has opted to issue a refund for this transaction. In order to initiate the refund, I am attaching our Vendor Request Form and asking that you complete items 8-22 and return. You may return this form to our mailing address: FBI, Attn: FOIPA, 200 Constitution Drive, Winchester, VA 22602-4843, fax it to 540-868-4997, or email it to foipaquestions@fbi.gov.

Should you have any questions, please feel free to contact our Public Information officer at 540-868-4593 or by emailing foipaquestions@fbi.gov.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)     Vendor Request Form

# U.S. DEPARTMENT OF JUSTICE



## Unified Financial Management System (UFMS)
### Vendor Request Form

| | PrintForm |
|---|---|

**Only typed forms (not handwritten) will be accepted. All fields are REQUIRED. Vendor will not be processed if form is incomplete. Instructions located on page 2 and 3.**

1. ☐ *NEW*   ☐ *UPDATE*   ☐ *INACTIVATE*

| 2. Is the vendor required to register in SAM.gov (Y/N)?* | 3. If not, what is the FAR exemption? (i.e. Non-Agency Personnel, Tort Claim, etc) | |
|---|---|---|

*\*If the vendor is required to register in SAM.gov, please have them do so before completing this form.  SAM.gov registration exceptions can be found in FAR 4.1102. The Assumption is that the SAM.gov information is valid.  **If the information currently listed in SAM.gov or in UFMS is incorrect, then the vendor should be contacted to update their SAM.gov information.***

**If the vendor is not required to register, please complete all fields on this request.**

### FBI Contact Information  (Required by FBI Contact)

| 4. Date of Request: (MM/DD/YYYY) | | 5. FBI Contact: | |
|---|---|---|---|
| 6. Office Phone Number: | | 7. Vendor Type: (COM, EMP, FOR, NAP, SLG) | |
| 8. Vendor Purpose (VCOM Only): (Direct Expense, Limited Warrant Program, Antenna Site, Tort) | | | |

### Employee/Vendor/Payee Information  (Required by the Employee/Vendor/Payee)

| 9. Vendor Name: | | | |
|---|---|---|---|
| 10. DUNS Number or DUNS+4: | | 11. EIN/SSN/TIN: | |
| 12. Street Address: | | | |
| 13. City, State, Zip Code: | | | |
| 14. Country: | | 15. E-mail Address: | |
| 16. Vendor Phone Number: | | 17. Fax Number: | |
| 18. Vendor Contact Name: (Last, First, MI) | | | |

### Financial Institution Information  (Required by the Employee/Vendor/Payee)

| 19. Bank Name: | | | |
|---|---|---|---|
| 20. ABA/Routing Number: | | 21. Account Number: | |
| 22. Account Type: | | 23. Payment Type: (PPD, CCD, CHECK) | |

***PRIVACY ACT STATEMENT:*** *The following information is provided to comply with the Privacy Act of 1974 (P.L. 93-579). All information collected on this form is required under the provisions of 31 U.S.C. 3322 and 31 CFR 210. This information will be used by the Treasury Department to transmit payment data, by electronic means to vendor's financial institution. Failure to provide the requested information may delay or prevent the receipt of payments through the Automated Clearing House Payment System.*

# U.S. DEPARTMENT OF JUSTICE

## Unified Financial Management System (UFMS)

UFMS Instructions for completing Vendor Request Form

*Only typed forms (not handwritten) will be accepted. **ALL FIELDS ARE REQUIRED**. Vendor will not be processed if form is incomplete.*

## The following are the steps for completing the Vendor Request Form.

**Box 1:**  This is a required field. Place a check in the box corresponding to the type of request required. Options are:

- New – select if vendor is not in UFMS
- Update – select if a Non-SAM vendor needs to be modified
- Inactivate – select if a non-SAM vendor is to be inactivated and prevent new spending

**Box 2:**  Is the vendor required to register in SAM.gov?  Select Y/N from drop down.  (See note on form)

**Box 3:**  If not, what is the FAR Exemption?  Select exemption from drop down.

### FBI Contact Information

**Box 4:**  Identify date request submitted.

**Box 5:**  Identify FBI personnel responsible for originating UFMS form, establishing vendor, and point of contact in the event there is a question about request.

**Box 6:**  Identify phone number of individual in Box 5.

**Box 7:**  Using the drop-down arrow, identify Vendor Type from UFMS table listing:

- Commercial (COM)-  Select for commercial vendors
- Employee (EMP)- Select for employee payees
- Non-Agency Personal (NAP)- Select for Task Force Officers, Non-Bureau Travelers
- State and Local (SLG)-Select for State & Local Government vendors (Local Police Departments, Local Jails, etc.)
- Foreign Government (FOR)- Select for foreign government vendors

**Box 8:**  Using the drop-down arrow, identify the purpose of the vendor request.  (Required for VCOM Only)

### Employee/Vendor/Payee Information

**Box 9:**   Identify the name of the vendor to be added to the vendor table.

**Box 10:** Identify the Duns number (required for Commercial vendors and all other vendor types where applicable)

**Box 11:** Identify EIN/SSN/TIN of vendor

**Box 12:** Identify address of vendor

**Box 13:** Identify city, state, zip of vendor

**Box 14:** Assumed US – provide if foreign

**Box 15:** Identify email address of vendor

**Box 16-17:** Identify phone/fax number of vendor

**Box 18:** Identify point of contact for vendor

> **Emailing Form to Vendor:**
> Refer to Downdraft and Uplift Job Aids.

### Financial Institution Information

**Box 19:  Identify Banking Institution receiving funds**

**Box 20:** Identify Banking Institution ABA/Routing number*

**Box 21:** Identify Bank Account number*

**Box 22:** Identify Bank Account Type (i.e., Checking or Savings)

**Box 23:** Using the drop-down arrow, identify Default Payment type for this vendor

> *** NOTE:**   Bank Routing and Account  Numbers refer to  ACH payments only and not Wire Transfers which have separate  routing numbers. Wire Transfer payments cannot be disbursed using UFMS.*

- CCD- Cash Concentration or Disbursement- Select for Corporate accounts
- Check- Select if vendor is requesting to be paid by check
- PPD- Prearranged Payment or Deposit- Select for Personal accounts
- CTX- Corporate Trade Exchange (only select if requested by the vendor)

> ### FINAL STEPS:
>
> 1)  Validate vendor information
> 2)  Attach the Vendor Request Form to the vendor document in UFMS.  Refer to Attachment Job Aid.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

JESSE C. TRENTADUE,

     Plaintiff,

              v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 2:24-cv-00105-AMA-DAO

# Exhibit

U.S. Department of Justice

Office of the Deputy Attorney General

The Deputy Attorney General                    *Washington, D.C. 20530*

October 20, 2023

MEMORANDUM FOR         HEADS OF AFFECTED COMPONENTS

FROM:                  THE DEPUTY ATTORNEY GENERAL

SUBJECT:               ADDRESSING FREEDOM OF INFORMATION ACT
                       BACKLOGS

The Department of Justice is committed to administering the Freedom of Information Act (FOIA) in a manner that is not simply fair and transparent, but also prompt. As the Attorney General made clear last year in his government-wide FOIA guidelines, timely disclosure of records is "essential to the core purpose" of the law.[1]

But in recent years, as the number of the FOIA requests received by the Department has increased, so too has the backlog. Since 2018, the average time for processing a simple FOIA request in the Department has more than quadrupled, from 30 days to 134. And this backlog is not evenly distributed across the Department. According to data compiled by the Office of Information Policy (OIP), three components account for nearly 85 percent of the Department's overall FOIA backlog, and seven components have seen their backlog increase by more than 65 percent since 2018.

You are receiving this memo because your component meets at least one of those criteria. To address the backlog, I am asking that each of you submit to OIP a written plan to reduce your component's FOIA backlog using existing resources.

Your plan should be submitted no later than December 15, 2023, for OIP's approval. OIP stands ready to assist you and your team as you draft the backlog reduction plan, and the OIP Director will follow up under separate cover with additional data and informational resources for this project. Your plan should:

- Describe how your component will reduce its FOIA backlog, no later than December 15, 2025, to September 2018 levels as reported in the Department's FY2018 Annual FOIA Report;
- Include quarterly milestones for backlog reduction over the next two years, including a plan to achieve at least 50% of the backlog reduction anticipated by the plan by December 15, 2024; and
- Outline new processes to avoid future increase in FOIA backlogs.

---

[1] Attorney General Memorandum for Heads of Executive Departments and Agencies, "Freedom of Information Act Guidelines," Mar. 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

Memorandum from the Deputy Attorney General                                                    Page 2
Subject: Addressing Freedom of Information Act Backlogs

       No later than January 15, 2024, the OIP Director will submit to the Office of the Deputy Attorney General (ODAG), through the Office of the Associate Attorney General (OASG), a report that compiles the component backlog reduction plans, identifies deadlines and milestones for measuring and reporting progress to OASG and ODAG, and explains how the plans will achieve the goals to reduce backlogs set forth in this memorandum and the Attorney General's 2022 FOIA Guidelines.

       I have asked the Justice Management Division to include your progress toward fulfilling your plan as part of its quarterly management reviews. I would also welcome updates in your component's regular meetings with me. I recognize that the goals set out in this memorandum are ambitious. When successful, affected components will achieve backlog reductions ranging from 20 to 90 percent. But the goals are concomitant to the growth in backlogs we have seen in recent years.

       Our Department should be a model for meeting the standards outlined in the Attorney General's Guidelines, and I am grateful for the dedicated people across the Department who work hard to achieve that goal. Together, our efforts will advance the principles of open government and democratic accountability.