IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSE TRENTADUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CENTRAL INTELLIGENCE AGENCY, et al.<br><br>Defendants. | **ORDER**<br><br>Case No. 2:08-CV-0788<br><br>Judge Clark Waddoups |

On May 11, 2011, the court heard oral argument on Defendants' motion for summary judgment and Plaintiff's motion under Rule 56(d) to defer consideration of Defendants' motion, to deny it, or to allow time to take discovery. For the reasons stated on the record, the court hereby grants Plaintiff's motion in part and denies in part without prejudice, and defers ruling on Defendants' motion pending receipt of additional information and further argument. The Defendants shall provide additional responses to the court addressing the following:

(1) In support of its motion, Defendants submitted the declarations of David M. Hardy dated August 27, 2009[1], July 16, 2010[2], September 15, 2010[3], January 28, 2011[4], Martha M. Lutz dated August 21, 2009,[5] Earl J. Chidester dated August 18, 2009[6], Anne C. Costa dated August 18, 2009[7], Michael Mullaney dated August 25, 2009[8], and Rena Y. Kim

---

[1] (Doc. No. 32-17, 18.)
[2] (Doc. No. 61-2, 16.)
[3] (Doc. No. 66-1, 5.)
[4] (Doc. No. 75-1, 3.)
[5] (Doc. No. 32-2, 52.)
[6] (Doc. No. 32-20, 5.)
[7] (Doc. No. 32-21, 8.)

dated August 26, 2009.[9] In the case of *Islamic Shura Council of Southern California v. Federal Bureau of Investigation*, No. SACV07-1088-CJC, 2011 WL 1576476 (S.D.Cal. April 27, 2011), the court found the Government, and Mr. Hardy specifically, to have provided false and misleading information to the court through sworn statements. *Id.* at *4. When the deception was revealed, the Government argued that it had authority to mislead the court and requested an opportunity to brief the issue. *Id.* Ultimately, the court rejected the contention and held that the "Government's duty of honesty to the Court can never be excused, no matter what the circumstance." *Id.* at 9. In light of *Islamic Shura Council*, Defendants are to affirm whether in this case Mr. Hardy or any other of its affiants has misrepresented information or provided incomplete or otherwise misleading information to the court under an asserted right to protect the interests of the United States.

(2) Defendants shall provide further evidence addressing whether the I-Drive and S-Drive identified by counsel for Defendants have been searched in response to Plaintiff's FOIA requests. If such drives have not been searched, Defendants shall explain why such a search would not be reasonably calculated to locate the requested video tapes and other materials.

(3) Defendants shall address specifically whether or not the Evidence Control Centers (or other locations commonly referred to as ECC) located at Headquarters, Oklahoma City, and the FBI Crime Lab were searched manually. If not, Defendants must explain why there is no reasonable likelihood that the requested files would be located in any of those locations.

---

[8] (Doc. No. 32-2, 3.)
[9] (Doc. No. 32-24, 5.)

(4) Defendants shall either manually search the physical files located at the Evidence Control Centers located at Headquarters, Oklahoma City, and the FBI Crime Lab for the requested videos and other materials that were collected during the first 14 days following the Oklahoma City bombing on April 19, 1995 or provide evidence as to why such a search is so burdensome as not to be required.

(5) Defendants shall submit a further declaration or affidavit from Mr. Hardy stating he does not know of either the existence or the likely locations of the requested video tapes. He is likewise to state that he is otherwise unaware of anyone else that may know of the existence or likely locations of the videotapes at issue. If he cannot affirm so truthfully, Defendants will submit an affidavit explaining such to the court.

Plaintiff's motion is GRANTED in part and DENIED in part without prejudice.[10] A ruling on Defendants' motion is deferred until further order of the court. Defendants' supplemental memorandum and supporting evidence shall be filed on or before June 30, 2011. Plaintiff shall respond within the time allowed by the rules.

DATED this 13th day of May, 2011.

BY THE COURT:

*[signature]*

Clark Waddoups

United States District Judge

---

[10] (Dkt. No. 62.)